ELIZA A. ELLIOTT *vs.* LORENZO W. JENNESS.

A declaration on a contract within the statute of frauds need not allege that the contract is
in writing.

A declaration alleged that the defendant, in consideration of the purchase from him by the
plaintiff of a lot of land for a certain sum, promised to grade certain streets; and that the
defendant conveyed the land to the plaintiff by a deed, a copy of which was annexed,
and the plaintiff paid the price ; but that the defendant refused to perform his promise.
The deed, a copy of which was annexed, purported to be made in consideration of said
sum. *Held*, that a sufficient consideration was alleged for the defendant's promise.

CONTRACT. The declaration was as follows : " And the plain-
tiff says the defendant at Lynn in the month of January 1870,
in consideration of the purchase, by the plaintiff from the defend-
ant at his request, of a certain parcel of land on Newbern and
Douglas Streets, so called, in said Lynn, for the sum of $195, then
and there undertook and promised the plaintiff to grade, crown
and shape, make fit for travel and finish to the degree which the
city of Lynn usually requires before accepting the care of private
ways, the said Newbern and Douglas Streets and Jenness Street
throughout their whole width of fifty feet from said plaintiff's
land to Boston Street in said Lynn ; that the plaintiff has ease-
ments in said streets as granted by the deed of the defendant to
her, a copy of which is hereto annexed, or as arising from said
deed ; and that the plaintiff purchased said land from the defend-
ant and paid him said sum for it, and requested the defendant to
perform and comply with his promises and undertakings, but he
refused and still refuses so to do." The deed, the copy of which
was annexed, purported to be made in consideration of $195.

The defendant demurred to the declaration, " as setting up an
oral contract relating to the conveyance of land, inconsistent with
the terms of the deed annexed to the declaration, and being with-
out consideration."

The Superior Court overruled the demurrer and ordered judg-
ment for the plaintiff, and the defendant appealed.

*W. C. Fabens*, for the defendant.

*R. E. Harmon*, for the plaintiff.

CHAPMAN, C. J. The declaration alleges that the defendant, in consideration of the purchase by the plaintiff from the defendant at her request of a tract of land on certain streets in Lynn for the sum stated, promised to grade, crown and shape, make fit for travel and finish to the degree stated, the said streets on which the land bounded throughout their whole width ; and that the plaintiff purchased and paid for the land, took the deed, a copy of which was annexed to the declaration, and requested the defendant to do said work, which he refused to do. The defendant demurs to the declaration " as setting up an oral contract relating to the conveyance of land, inconsistent with the terms of the deed annexed to the declaration, and being without consideration."

But the declaration does not allege that the contract is oral. Even when a contract is required by the statute of frauds to be in writing, a declaration upon it need not allege that it is in writing. *Price* v. *Weaver*, 13 Gray, 272. If it is alleged to be oral, a demurrer will lie, otherwise the statute must be pleaded.

The contract is alleged to be made in consideration that the plaintiff would purchase the land. Such a consideration is valid. *Pierce* v. *Woodward*, 6 Pick. 206. *Brackett* v. *Evans*, 1 Cush. 79. The demurrer must therefore be overruled, and the judgment for the plaintiff *Affirmed.*