DANIEL P. GOSLINE *vs.* ALBRO CLEM ELEVATOR COMPANY.

Suffolk.   March 28, 1899. — June 30, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Declaration — Facts not alleged with Substantial Certainty — Demurrer.*

Where the two contracts described in a declaration are entirely inconsistent with each other in their leading features, the latter entirely superseding the former and being in no sense merely an alteration of or an addition to it, the facts are not alleged with substantial certainty; it is impossible to tell upon which contract the plaintiff relies, and a demurrer to the declaration must be sustained.

CONTRACT. The second count was as follows: " And the plaintiff says that by an agreement between him and the defendant, he agreed to make for the defendant a car for the price of two hundred and fifty dollars, to be used with an

elevator of a certain style and pattern, which the defendant was to furnish to David Conrad and Sons, as per contract, [a copy of which was annexed ;] and it was further agreed between plaintiff and defendant, that plaintiff would furnish such labor and materials and money as the foreman of the defendant, who was to superintend the erection of said elevator, should require, the labor and materials to be charged to the defendant, at the actual cost of same to the plaintiff, and ten per cent additional ; and the plaintiff was also to furnish the motive power for said elevator, to be charged to the defendant ; that the plaintiff built said car and furnished labor and materials and money at the request of said foreman of the defendant, and furnished the motive power for said elevator. The defendant claims that since the making of said contract between them it was changed by certain correspondence and verbal arrangement, whereby the worm and gear, shafting and machinery, of said elevator, and labor and expenses of the defendant connected with said elevator, were to be charged by defendant to plaintiff, and the labor, materials, and cash furnished by plaintiff at request of defendant's foreman, and the car, were not to be charged to the defendant, and that the plaintiff was to be substituted for the defendant in furnishing the said elevator car and motive power to said David Conrad and Sons. The plaintiff denies that said contract was changed, and says that if by the said correspondence or verbally the said contract was in law changed, the worm and gear, shafting and appliances, were to be the same as that agreed by the defendant to be furnished to the said David Conrad and Sons, and were to be put together and set up in a good and workmanlike manner. The plaintiff says that the defendant refused, failed, and neglected to carry out its part of the said last mentioned contract, and failed to furnish the style and pattern of a worm and gear, shafting and machinery, and appliances agreed by it to be furnished, and failed and neglected to put them together in a good and workmanlike manner as agreed ; and on account of the neglect and failure of the defendant to perform its part of the contract, the elevator worked in an unsteady and jerky manner, and was improper for the purpose for which it was furnished, on account of which said David Conrad and Sons took it out and stored it, and re-

fused to accept or pay for same, including the worm and gear, shafting and appliances, and by reason of the failure of the defendant to carry out its part of said contract the plaintiff lost all advantage and benefit that he would have received had the defendant performed its part of said contract, and also lost the price and value of the labor and materials of the car, and lost the cash paid out as per bill of particulars, [annexed.] "

The defendant demurred to the second count, assigning, among other things, as ground therefor that it did not set forth the substantive facts necessary to constitute a cause of action with substantial certainty. In the Superior Court the demurrer was overruled and judgment was entered for the plaintiff. The defendant appealed to this court.

*G. C. Abbott,* for the defendant.

*H. F. Naphen,* for the plaintiff.

HAMMOND, J. The second count sets out in the first place that an agreement was made between the plaintiff and the defendant for the construction of a car by the plaintiff for the defendant, and avers that the plaintiff has performed the contract.

It then avers that the defendant claims the contract has been changed; and the plaintiff denies that it has been changed, and avers that even if it has been changed the defendant has not performed the contract as claimed to have been changed, to the damage of the plaintiff.

The two contracts described in the declaration are entirely inconsistent with each other in their leading features. The latter entirely supersedes the former, and is in no sense merely an alteration of or an addition to it.

The facts are not alleged with substantial certainty. It is impossible to tell upon which contract the plaintiff relies.

*Demurrer sustained.*