IVORY F. FRISBEE *vs.* PRUSSIAN NATIONAL INSURANCE COMPANY.

Suffolk.    November 12, 1915. — March 2, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Pleading, Civil,* Demurrer, Declaration.   *Insurance,* Fire.

Under R. L. c. 173, § 16, cl. 2, an averment in the causes assigned for a demurrer, that the declaration does not state a legal cause of action substantially in accordance with the rules contained in R. L. c. 173, is sufficient as a general demurrer.

A declaration in an action of contract alleged that the defendant issued a policy of fire insurance to a certain person upon articles of personal property to the amount of $500 payable in case of loss to another person and the plaintiff as their interest might appear, that the plaintiff had a pecuniary interest in the articles by reason of a mortgage given to him by the insured, that thereafter a fire "destroyed and damaged certain articles covered by said policy of insurance . . . ; that all the conditions . . . set forth in said policy of insurance have been complied with; and the plaintiff alleges that he is entitled to recover the value of the goods destroyed and damaged by said fire to the amount of $148.75." There was no allegation to indicate what interest, if any, the other payee had in the proceeds due under the policy and no allegation of the total value of the goods covered by the policy that had been destroyed or damaged, and it did not appear whether the interest of the other payee in the proceeds of the policy had priority over the claim of the plaintiff or whether recovery by the plaintiff would be a bar to a claim by such other payee.   Upon a demurrer it was *held,* that the declaration did not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action as required by R. L. c. 173, § 6, cl. 2, and the demurrer was sustained.

CROSBY, J.   The plaintiff, having waived his exceptions to the order of the Superior Court denying his motion that the defendant be ordered to file an answer and to the order that judgment be entered for the defendant, and judgment having been entered for the defendant in accordance with the order, the case is before us upon two appeals of the plaintiff: (1) From the order of the Superior Court * sustaining the defendant's demurrer on the first and second assignments; and (2) from the order of the Superior Court * allowing a motion that judgment be entered for the defendant.

The plaintiff's appeal from the judgment entered in the Su-

---

* Made by *Jenney,* J.

perior Court involves the correctness of the order sustaining the demurrer upon the first and second assignments. As the demurrer was overruled upon the third and fourth assignments therein stated, they are not before us. The first and second assignments set forth in the demurrer are as follows:

"1. Said declaration does not set out a cause of action substantially in accordance with the provisions of R. L. c. 173.

"2. Said declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action."

The contention of the plaintiff that the demurrer is insufficient because it does not point out specifically the particulars in which the alleged defect consists (R. L. c. 173, § 16, cl. 2) cannot be sustained as these assignments go to the entire ground of action as stated in the declaration and not to any specific defect. Averments in a demurrer that the matters alleged do not set out a legal cause of action are sufficient without further particulars. *Chenery* v. *Holden,* 16 Gray, 125. *Steffe* v. *Old Colony Railroad,* 156 Mass. 262.

The declaration alleges "that the defendant made to one Agnes Fagan a policy of insurance against loss or damage by fire to the amount of $500 on articles of personal property . . . and payable in case of loss to Mandy Fantt and Ivory F. Frisbee [the plaintiff] as their interest may appear." It is further alleged that the plaintiff had a pecuniary interest in the articles by virtue of a mortgage given to him by Fagan, and that thereafter a fire "destroyed and damaged certain articles covered by said policy of insurance . . . ; that all the conditions . . . set forth in said policy of insurance have been complied with; and the plaintiff alleges that he is entitled to recover the value of the goods destroyed and damaged by said fire to the amount of $148.75, as set forth in schedules A and B."

The declaration sets out a joint liability from the defendant to the plaintiff and Mandy Fantt, and then alleges that he alone is entitled to recover for the amount therein stated.

The plaintiff and Fantt are alleged to be payees under the policy "as their interest may appear." There is no allegation in the declaration to indicate what interest, if any, Fantt has in the proceeds due under the policy, and no allegation of the total value of the

goods covered by the policy and destroyed or damaged, nor does it appear whether the interest of Fantt in the proceeds of the policy is prior to the claim of the plaintiff, or whether recovery by the plaintiff will be a bar to any claim by Fantt. If she has no interest, that fact should be alleged.

If the defendant must answer to the plaintiff in this action, there are no facts alleged to show that it may not be subjected to another action brought by Fantt. The averment that "the plaintiff alleges that he is entitled to recover the value of the goods destroyed and damaged by said fire to the amount of $148.75" is not a statement of a substantive fact; it is merely a conclusion of law. *Murdock* v. *Caldwell*, 8 Allen, 309.

We are of opinion that the declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action, and is clearly demurrable for the first and second causes assigned. *Shawmut Mutual Fire Ins. Co.* v. *Stevens*, 9 Allen, 332. *Downs* v. *Hawley*, 112 Mass. 237, 241. *Barlow* v. *Nelson*, 157 Mass. 395. *Gosline* v. *Albro Clem Elevator Co.* 174 Mass. 38.

*Judgment affirmed.*

*J. M. Browne & J. T. Maguire*, for the plaintiff.
*B. G. Davis*, for the defendant.