GEORGE P. DAVIS, administrator, *vs.* H. S. &
M. W. SNYDER, INC.

Suffolk.   January 20, 1925. — April 1, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Pleading, Civil,* Declaration.

If the plaintiff in an action, alleged in the writ to be of "contract or tort," desires to set forth in the declaration both an action of contract and an action of tort, he should not do so in a single count but should set forth the two classes of action in separate counts "with an averment that both are for one and the same cause of action."

Where an alleged action is founded upon contract, consideration must be alleged unless the contract itself implies a consideration, as in actions upon promissory notes or bills of exchange.

The declaration in an action by an administrator, described in the writ as of "contract or tort," was in a single count and alleged that the defendant, who had paid to a certain bank money which he owed the plaintiff's intestate, then in Russia, without authority from the plaintiff's intestate directed the bank to forward the money to the plaintiff's intestate, and that the bank did so; that the plaintiff's intestate, learning that fact, informed the defendant that he had acted without authority and should return the money to the bank. The declaration then set out quotations from letters and cablegrams between the plaintiff's intestate, the defendant, and the bank, showing insistence by the bank that the defendant must stand the loss due to a fall in value of Russian money, reluctance of the defendant to stand the loss and consequent postponement by him, insistence by the plaintiff's intestate, a cablegram by the defendant to the plaintiff's intestate, "Will make good error in remittance," and a letter from the defendant to the bank directing it to cable to the plaintiff's intestate in Russia the original amount in dollars and promising that the defendant would send a check to the bank to cover the remittance, or the difference, if the roubles formerly sent were sold. There then followed allegations that the plaintiff's intestate "believed the assurance aforesaid of the defendant and relied thereon and wholly by reason thereof" lost the entire amount of the original amount owed him by the defendant with interest, and that the defendant "wholly failed to make the payment set forth in said letter" to the bank "or otherwise to meet said" plaintiff's intestate's "loss as aforesaid." The defendant demurred to the declaration. *Held,* that

(1) The demurrer should be sustained because the action was in contract or tort and there was but a single count in the declaration;

(2) There was no allegation in the declaration of a consideration running from the plaintiff's intestate to the defendant for the promise of the defendant to the bank to make good the loss to the bank;

(3) It appeared from the allegations of the declaration that the plaintiff did not rely upon the alleged wrongful acts of the defendant in directing the bank to send the money to Russia without authority from his intestate, but upon the assurances contained in the defendant's letter to the bank in which he promised in effect to make good the loss; no action by the plaintiff could be based on those assurances;

(4) The allegations fell far short of stating concisely and with substantial certainty the substantive facts necessary to constitute a cause of action as required by the practice act;

(5) The demurrer was sustained.

CONTRACT. Writ dated April 11, 1924. The declaration was as follows:

"On or about September 21, 1917, the National City Bank of New York City had received from the defendants, checks

amounting in the aggregate to $7,671.18 as a payment of commissions owed by the defendants to Marcus A. Tockel, and said National City Bank held said sum, the property of said Marcus A. Tockel, awaiting the defendants' orders as to its disposition.   Thereupon, the defendant, without the knowledge, authority, or consent of said Tockel and contrary to his rights, directed said National City Bank to send the said Tockel's said money to Russia.   Thereupon, said National City Bank wholly by reason of said direction sent said money to Russia.   In October 1917 said Tockel for the first time learned of this action on the part of the defendants and cabled the defendants, saying, 'Instead placing dollars New York you erroneously transferred commission Moscow. Withdraw remittance depositing 7670 dollars National New York as requested.'   Thereupon, on or about October 18, 1917, the defendants wrote said National City Bank, 'It would seem that through an error we advised you to cable Mr. Tockel's commission to him in Moscow.   Accordingly we now wish to have same withdrawn and placed to his current account in your New York branch.   Kindly do so at once at our expense and greatly oblige.'   On the same day the defendants cabled said Tockel, 'Advised National City withdraw roubles and we deposit dollars.'   The National City Bank notified the defendants that the drop in the value of Russian roubles involved a loss which must be borne by the defendants.   On or about November 3, 1917, the defendants wrote the said National City Bank as to this matter, 'Please hold this matter up for a while, and we will take it up fully with Mr. Tockel and see what we can do.   We do not feel like losing 13 or 14 percent on that amount.'   On or about November 7, 1917, the said National City Bank wrote the defendants as to this request, 'In accordance with your request we will hold the matter in abeyance for a short time.' On or about November 8, 1917, the defendants cabled said Tockel, 'Can't you use roubles in Petrograd your commission. Loss thirty percent if changed back in dollars.   Wire.'   To this said Tockel replied by cable, 'You remitted commission erroneously.   I obliged insist your immediate deposit National full 7670 dollars.'   On or about November 28, 1917,

said National City Bank wrote the defendants, 'We refer to our letter of November 7th, with reference to Mr. Tockel's commission of Rbls. 43,786.15, and we would thank you to advise us by return mail if you have received any further instructions from Mr. Tockel regarding this transaction, as this matter is being held in abeyance, as per your request of November 3rd, and as stated in our letter of November 2nd, any losses which may be sustained with reference to this transaction must be borne by you.' On or about November 30, 1917, the defendants wrote the said National City Bank, 'In reply to yours of Nov. 28th, the writer took this matter up by telephone with your Mr. West and he thinks it would be advisable if we wait a little longer to see if there will be a more favorable market to sell these roubles and we have therefore decided to wait until the tenth of December before taking the matter up again. If the same is satisfactory, we would like to have it remain as before.' On or about December 3, 1917, the defendants cabled said Tockel, 'Will make good error on remittance.' On or about March 21, 1918, the defendants wrote said Tockel, 'We are in receipt of your letter dated November 23rd, and we have advised the National City to give us the amount of dollars equal to the roubles we placed to your credit, and we would replace the same with dollars.' On or about April 13, 1918, the defendants wrote the said National City Bank, 'Kindly cable M. A. Tockel, Moscow, Russia, the amount of dollars on deposit for his account, including roubles, giving the original amount in dollars. We will send you check to cover same, unless the roubles are sold, in which case, we will give you the difference, as advised you previously.' During all these times the value of roubles was rapidly declining and continued thereafter to decline until it reached the point where said roubles were valueless. Said Tockel believed the assurances aforesaid of the defendants and relied thereon, and wholly by reason thereof was deprived of and lost said entire sum of $7,671.18 and the interest thereon, and the defendants wholly failed to make the payment set forth in said letter of April 13, 1918, or otherwise to meet said Tockel's loss as aforesaid.

"Said Marcus A. Tockel thereafter died, and the plaintiff, George P. Davis, was, on or about October 25, 1922, duly appointed his administrator and duly qualified as such and is now such administrator. Therefore, he claims to recover of the defendants the sum of $7,671.18 and interest."

The defendant filed an amended demurrer on the following grounds:

"1. For that the declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action.

"2. For that it contains in one count two or more causes of action arising on different contracts.

"3. For that it contains in one count two or more causes of action arising from different alleged legal duties and several violations or breaches thereof.

"4. For that it joins an action of tort with an action of contract in one count.

"5. For that the substantive facts relating to the right or duty of the National City Bank to obey the orders of the defendant regarding the disposition of the money alleged to be the property of Marcus A. Tockel are not stated concisely or with substantial certainty.

"6. For that it is impossible to tell whether the cause of action relied on is the alleged wrongful direction of the defendant to the said bank of September 21, 1917, or the 'assurances aforesaid' alleged in the declaration.

"7. For that if the declaration sets up the alleged wrongful direction of the defendant to the said bank as the cause of action relied on, the substantive facts necessary to constitute such cause of action are not stated concisely and with substantial accuracy.

"8. For that if the declaration sets up the alleged wrongful direction of the defendant to the said bank as the cause of action relied on, it does not appear on the facts alleged that such cause of action is in contract.

"9. For that if the declaration sets up as the sole cause of action the various assurances alleged, it appears that said assurances were voluntary or gratuitous on the part of the defendant, and were without consideration.

"10. For that the declaration states no substantive facts necessary to constitute a cause of action in contract.

"11. For that the declaration states no substantive facts necessary to constitute an action in tort.

"12. For that it is uncertain whether it states an action of tort or an action of contract.

"13. For that if the promise relied upon is that contained in the said letter of April 13, 1918, then it appears from the declaration that said promise was not made to the plaintiff's intestate or to any person representing the plaintiff's intestate."

The plaintiff moved to amend the action into an action of "contract or tort" and the defendant moved to amend its demurrer by adding the thirteenth ground above set out. The motions and the amended demurrer were heard together by *Morton,* J., who allowed both motions and sustained the demurrer. The plaintiff appealed from the order sustaining the demurrer.

*E. F. McClennen,* for the plaintiff.

*J. E. Hannigan,* for the defendant.

CROSBY, J. This is an action by the plaintiff as administrator of the estate of Marcus A. Tockel, deceased, upon an alleged liability of the defendant to the plaintiff in his capacity as such administrator. The writ when originally brought described the action as one in contract; it was subsequently amended by the insertion therein after the words "in an action of contract" the words "or tort, for one and the same cause of action, as the plaintiff is uncertain as to which class the said cause of action belongs." A demurrer to the declaration upon various grounds was filed, and thereafter an amendment to the demurrer was allowed, and an order sustaining it as amended was entered. The case is before this court on an appeal from that order.

The declaration, in one count, undertakes to set forth a cause of action which sounds in contract and also a cause of action sounding in tort. The rule of pleading at common law was that the declaration must allege "all the circumstances necessary for the support of the action, and contain a full, regular and methodical statement of the injury

which the plaintiff has sustained, with such precision, certainty and clearness that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal plea; and that the jury may be able to give a complete verdict upon the issue, and the court, consistently with the rules of law, may give a certain and distinct judgment upon the premises." *Read* v. *Smith*, 1 Allen, 519, 520. The rule so stated is the same under the practice act, now G. L. c. 231, § 7, cl. 2. *Prentiss* v. *Barnes*, 6 Allen, 410, 411. The fourth clause of the same section provides in part that the declaration "need not contain more than one count for each cause of action . . . . Two causes of action arising on different contracts shall not be embraced in one count except in a count on an account annexed." A cause of action for trespass cannot be joined in one count with one for malicious prosecution. *Allen* v. *Edwards*, 136 Mass. 138, 139. In *Cunningham* v. *Hall*, 7 Gray, 559, the writ, describing the action as "an action of tort and action of contract, both being for one and the same cause of action" and containing a single count in tort, was amended by adding a count in contract with an averment that both counts were for one and the same cause of action. It was held that after such amendment the action could be maintained under the practice act. St. 1852, c. 312, § 2, now G. L. c. 231, § 7. The sixth clause of the same section provides that "Actions of contract and actions of tort shall not be joined; but if it is doubtful to which division a cause of action belongs, a count in contract may be joined with a count in tort, with an averment that both are for one and the same cause of action." Under this provision it is plain that when, as in the present case, a cause of action in contract and a cause of action in tort are alleged, such allegations must be made in separate counts with the averment that they are for one and the same cause of action, and cannot be included in a single count. *Cunningham* v. *Hall*, *supra*. Although the statute authorizes the joinder of a count in contract with a count in tort for the same cause of action, it does not permit joinder of a cause of action in contract with a cause of action in tort in a single count. *Sullivan* v. *Fitzgerald*, 12

Allen, 482.  *P. Garvan, Inc.* v. *New York Central & Hudson River Railroad,* 210 Mass. 275, 281.  The declaration being defective, it manifestly is demurrable.

Apart from improper joinder of an action of contract with one in tort in one count, the declaration is demurrable for the reason that it fails to set forth a cause of action either in contract or in tort.  If the allegations were sufficient to state a valid cause of action in contract provided there had been an averment of consideration therefor, the absence of such averment is fatal.  It is elementary that, where an action is founded upon contract, consideration must be alleged unless the contract itself implies a consideration, as in actions upon promissory notes or bills of exchange.  *Stone* v. *White,* 8 Gray, 589.  *Murdock* v. *Caldwell,* 8 Allen, 309, 310.  *Cochran* v. *Duty,* 8 Allen, 324.  *Woodruff* v. *Wentworth,* 133 Mass. 309, 313.  The case of *Wood* v. *Danas,* 230 Mass. 587, cited by the plaintiff, is distinguishable in its facts from those in the case at bar.

The allegation relating to the promise of the defendant, contained in its letter to the National City Bank dated April 13, 1918, to send the bank a check in payment for the rubles unless they were sold, in which event the defendant would pay the loss incurred, not having been made to the plaintiff's intestate or to any one representing him, sets forth no enforceable contract in favor of the plaintiff.

So far as the declaration undertakes to allege a tort it avers that "the defendant, without the knowledge, authority, or consent of said Tockel and contrary to his rights, directed said National City Bank to send the said Tockel's said money to Russia.  Thereupon, said National City Bank wholly by reason of said direction sent said money to Russia."  The rest of the declaration may be taken as a statement of the manner · in which, due to the defendant's act, a loss occurred.  It is then alleged that the "said Tockel believed the assurances aforesaid of the defendants and relied thereon, and wholly by reason thereof was deprived of and lost said entire sum of $7,671.18 and the interest thereon, and the defendants wholly failed to make the payment set forth in said letter of April 13, 1918, or otherwise to meet said

Tockel's loss as aforesaid." It appears from these allegations that the plaintiff does not rely upon the alleged wrongful acts of the defendant in directing the bank to send the money to Russia without authority from Tockel, but upon the assurances contained in the defendant's letter to the bank in which it promises in effect to make good the loss; these promises, for the reasons above stated do not make the defendant liable to the plaintiff. The declaration in this respect bases the plaintiff's right to recover not upon the wrongful conduct of the defendant, but upon his failure to keep his promise to the bank.

The allegations fall far short of stating concisely and with substantial certainty the substantive facts necessary to constitute a cause of action as required by the practice act. They are so obscure, indefinite and involved that it is impossible to determine upon what ground the plaintiff charges the defendant with liability. A defendant is entitled to know with reasonable certainty the ground upon which the plaintiff seeks to recover, that he may be able to make answer thereto and be informed of the issues he is called upon to meet. Unless the declaration sets forth in definite terms what those issues are, it cannot be determined what rules of law are applicable thereto.

*Order sustaining demurrer affirmed.*