BANK OF COMMERCE AND TRUST COMPANY *vs.* JOSEPH Y. SCHOONER.

Suffolk.    November 7, 14, 1927.— March 31, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Pleading, Civil,* Declaration, Demurrer. *Conspiracy. Deceit. Fraud. Frauds, Statute of.*

In a declaration in an action of tort which filled two pages of the printed record before this court, the plaintiff, a banking corporation, in substance alleged that through concerted action of the defendant and a third person, a person of no financial resources, the defendant delivered to the third person United States Liberty bonds with which he was

enabled to make himself appear to other banks and trust companies than the plaintiff to be a person of great wealth and entitled to credit, so that such other banks and trust companies were deceived and made loans to him and recommended him to the plaintiff; that relying upon the third person's reputation of financial responsibility thus gained, the plaintiff made loans to him upon securities which afterwards were discovered to be worthless, and suffered loss. Upon a demurrer by the defendant, it was *held*, that

(1) The requirements of G. L. c. 231, § 7, cl. 2, were fulfilled;

(2) Allegations relating to transactions and matters between the defendant's confederate and other persons whom they had deceived in carrying out their conspiracy were neither irrelevant nor immaterial;

(3) Allegations setting forth the result of the concerted fraud of the defendant and his confederate were allegations of fact and were not objectionable as being conclusions of law;

(4) The declaration was not objectionable as containing matters of evidence instead of such ultimate facts as properly could be alleged;

(5) The provisions of the statute of frauds contained in G. L. c. 259, § 4, had no application: no representation of the defendant to the plaintiff was alleged.

The provisions of the statute of frauds contained in G. L. c. 259, § 4, did not alter rules of pleading in law or in equity; and, where allegations in a declaration or a bill in equity as to representations of the character described in the statute do not show that they were oral, the declaration or bill is not demurrable: in such circumstances the defence that they were oral must be set up by the defendant in the answer, or may be waived by him. Per CROSBY, J.

TORT. Writ dated August 27, 1925. The substituted declaration filled two pages of the printed record and was as follows:

"In or about the year 1919 the defendant conceived the idea and plan of causing various banks and trust companies engaged in business in the city of Boston, Massachusetts, to lend funds to one Richard C. Cox, a person of no resources, by giving to said Cox an appearance of wealth through the expedient of entrusting to the possession of said Cox large amounts of United States Liberty bonds as the apparent property of said Cox, but in fact belonging to the defendant, with the intent that Cox should falsely represent himself to be a person of large means and the owner of said bonds, and thereby obtain loans of money which he could not repay, and a portion of said moneys so obtained should be then shared with the defendant. Pursuant to said plan and with the purpose aforesaid, the said defendant did from time to

time in said year entrust to the possession of said Cox very large amounts of United States Liberty bonds as the apparent property of said Cox, intending that said Cox should use said bonds as collateral security for loans negotiated by said Cox at various Boston banks and trust companies, and thereby cause said banks and trust companies to believe that said Cox was a person of great wealth, and as a result of such belief, to lend said Cox other sums of money on other and worthless security and recommend said Cox to other banks and trust companies in said Boston as a person of great wealth and deserving of credit, whereas in truth and in fact said Cox was at all times grossly insolvent,— a person of no means and entitled to no credit,— and said other security was worthless. Said Cox did negotiate loans upon the collateral security of said bonds and did thereby create in said banks a belief that the said Cox was a person of great wealth and said banks did, as a result thereof, recommend said Cox among others to the plaintiff as a person worthy of credit, all as intended by and known to the said defendant; and in further pursuance of the purpose aforesaid, said Cox, having created said belief that he was a person of great wealth and deserving of credit, negotiated at said banks, among others the plaintiff, as more particularly hereinafter set out, loans upon fictitious, fraudulent and nonexistent accounts receivable as security, the proceeds of which loans upon said accounts receivable were divided between the defendant and said Cox pursuant to the said arrangement theretofore made between them.

"At the time of the matters herein referred to the plaintiff was a trust company, organized under the laws of the Commonwealth of Massachusetts and was known as the Hub Trust Company. On or about September 23, 1919, said Cox, pursuant to the plan aforesaid called upon the said Hub Trust Company and requested that it lend him a sum of money, offering as security therefor Liberty bonds of the United States as aforesaid, and also certain accounts receivable, and referring to two certain other trust companies in said Boston for recommendation as to his financial standing and character. Said two other trust companies were also

trust companies with which said Cox had negotiated loans upon the security of the defendant's Liberty bonds in the manner and pursuant to the plan hereinbefore described. Said Hub Trust Company thereupon, as intended by the defendant and said Cox, addressed inquiries to the said other trust companies with respect to the financial standing of said Cox and was informed by them that said Cox was a successful person of large means, the owner of large amounts of United States Liberty bonds, some of which were held by said other trust companies as security for loans to said Cox and that said trust companies were lending him freely upon the security of said accounts receivable. Relying upon said recommendation thus obtained pursuant to the purpose and plan of the defendant aforesaid, and believing the same to be true, said Hub Trust Company advanced to said Cox from time to time between September 23, 1919, and January 9, 1920, various sums of money aggregating $39,841.62, secured by assignments of accounts receivable ostensibly owing to said Cox.

"The loans hereinbefore in this declaration referred to although in fact at all times loans to said Cox were at times as intended and planned by the defendant and said Cox made nominally to two certain corporations owned and dominated by said Cox and in fact his agents and tools, upon the indorsement and full responsibility, however, in each instance of said. Cox and the deposit of the accounts receivable as security in the manner and form hereinbefore referred to.

"In truth and in fact said corporations and said Cox were at all times grossly insolvent as the defendant at all times well knew, and said accounts receivable hereinbefore referred to were fictitious and did not represent real debts of which facts the plaintiff was ignorant at the time of making the said loans; and shortly after the making of the said loans by the plaintiff to the said Cox, said Cox and said corporations became bankrupt, and it appeared that, as had at all times been the fact, neither he nor said corporations had any resources, that said accounts receivable were fictitious and that said Liberty bonds were not his but those of the defend-

ant. And the said Hub Trust Company was unable to collect any amount from said Cox or said corporations.

"And by reason of all of the foregoing the defendant is liable to the plaintiff in the sum of $39,841.62 with interest thereon from January 9, 1920."

The defendant demurred to the substituted declaration, as described in the opinion. The demurrer was heard by *Morton,* J., who ordered it overruled and under G. L. c. 231, § 111, reported his ruling to this court for determination before further proceedings in the Superior Court.

*A. S. Allen,* for the defendant.

*J. J. Kaplan,* for the plaintiff.

CROSBY, J. This case arises on demurrer to a declaration setting forth a conspiracy to defraud, entered into by and between the defendant and one Cox, by means of which, it is alleged, they fraudulently obtained large sums of money from the plaintiff.

After overruling a demurrer to the substitute declaration, the case was reported to this court by the trial judge upon the substituted declaration and the demurrer. The defendant assigned fifty-six grounds of demurrer, but expressly waived the following: 7–9 inclusive, 15–25 inclusive, 29, 30, 39–44 inclusive, 52 and 53. We will consider the remaining grounds of demurrer in the manner they are dealt with in the defendant's brief.

It is the contention of the defendant that the declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action as required by G. L. c. 231, § 7, cl. 2. This objection is raised by grounds numbered 1, 2, 3, 10, 11, 12, 14, 27, 28, 31, 32, 33, 34, 36, 37, 38, 47, 48, 49, 50, 51, 54, 55, and 56. The declaration alleges a conspiracy between the defendant and Cox to defraud certain banks and trust companies; it alleges specifically the means employed in pursuance of the scheme, and that such scheme was employed by the defendant and Cox, in a manner set forth with adequate particularity, to defraud the plaintiff and that it was thereby defrauded to its damage. G. L. c. 231, § 7, cl. 2 is as follows: "The declaration shall state concisely and with substantial cer-

tainty the substantive facts necessary to constitute the cause of action." *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 34, 35. A careful examination of the allegations in the declaration shows that the substantive facts relied on are set forth specifically, concisely and with substantial certainty, and that it is not demurrable upon the grounds above referred to. *Read* v. *Smith,* 1 Allen, 519, 520.

The objection that certain allegations relate to matters between Cox and third parties cannot be sustained. These allegations are material as describing the fraudulent plan, and for that reason are neither irrelevant nor immaterial. See *Gardner* v. *Preston,* 2 Day, 205. It follows that the following grounds of demurrer are without merit: 4, 6, 26, 35, and 45.

Allegations of result are allegations of fact and are not conclusions of law. Accordingly the thirteenth ground of demurrer is overruled.

The ground that the allegations relate to matters of evidence, and are not such ultimate facts as properly could be alleged is overruled. These allegations pertain to conclusions of fact and are properly pleaded. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69. Accordingly, the fifth and forty-sixth grounds are overruled.

The remaining question argued by the defendant is that the declaration alleges representations which are within the statute of frauds, G. L. c. 259, § 4, and for that reason the plaintiff is barred from recovery. That statute has not altered the rules of pleading in law or equity. Whether the representations alleged in a declaration are oral or written is a matter of proof and not of allegation. *Price* v. *Weaver,* 13 Gray, 272. Where representations alleged are within the terms of the statute, a declaration upon them need not allege that they are in writing. *Elliott* v. *Jenness,* 111 Mass. 29. As a defence the statute may be pleaded or waived at the election of the defendant. *Livingstone* v. *Murphy,* 187 Mass. 315, 318. If it appears from the declaration in an action at law, or from the bill in a suit in equity, that the representations alleged are oral, when by the statute of frauds they must be in writing, demurrer will lie. *Walker*

v. *Locke*, 5 Cush. 90.   *Ahrend* v. *Odiorne*, 118 Mass. 261, 268.   *Southwick* v. *Spevak*, 252 Mass. 354, 357.   *Linsky* v. *Exchange Trust Co.* 260 Mass. 15, 17.   *Quinn* v. *Quinn*, 260 Mass. 494, 497, 498.

If the declaration in the case at bar could be considered as coming within the terms of the statute, and if it alleges express representations on the part of the defendant, it does not appear from an examination of the declaration that such representations were not in writing as required by the statute.

We are of opinion that the statute of frauds has no application to the allegations in the declaration in the case at bar. The statute applies only to such actions founded upon representations or assurances made concerning the "character, conduct, credit, ability, trade or dealings of any other person." The present action is not founded upon any representation of the defendant.   It is brought against him as a joint principal and tortfeasor in a fraud instituted and carried out for his benefit with respect to which the representations involved were not incidents in the scheme to defraud.   The action is founded on the conduct of the defendant and Cox acting together to defraud the plaintiff, and by which it was induced to lend Cox large sums of money upon worthless securities.   It is plain that if the allegations of the declaration are proved the plaintiff is entitled to recover the damages which it has sustained by reason of such unlawful acts.   The fraud alleged in substance was as follows:   Through concerted action of the defendant and Cox, a person of no financial resources, the defendant delivered to Cox United States Liberty bonds with which he was enabled to make himself appear to other banks and trust companies than the plaintiff to be a person of great wealth and entitled to credit, so that such other banks and trust companies were deceived and made loans to him and recommended him to the plaintiff. Relying upon Cox's reputation of financial responsibility thus gained, the plaintiff made loans to him upon securities which afterwards were discovered to be worthless, and suffered loss.   In principle such a method employed to obtain money and credit is indistinguishable from other cases of obtaining money or property by false pretences.   *Nash* v.

*Minnesota Title Ins. & Trust Co.* 159 Mass. 437. *Fowle* v. *Child,* 164 Mass. 210. *Light* v. *Jacobs,* 183 Mass. 206. *Feinberg* v. *Poorvu,* 249 Mass. 88. *Gardner* v. *Preston, supra.* *Russell* v. *Post,* 138 U. S. 425. *In re Friedman,* 164 Fed. Rep. 131. *Hamilton Inv. Co.* v. *Bollman,* 268 Fed. Rep. 788. *Backe* v. *Curtis,* 139 Minn. 64. *Bush* v. *Sprague,* 51 Mich. 41, 54.

As the demurrer could not properly be sustained upon any ground alleged, the entry must be

*Order overruling demurrer affirmed.*