ALFRED R. GRANDCHAMP *vs.* JOHN J. COSTELLO & others.

Hampden. September 19, 1934, February 7, 1935. — February 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Pleading, Civil,* Declaration. *Practice, Civil,* Amendment. *Words,* "And/or."

The declaration in an action against several defendants for breach of a contract did not comply with the requirements of G. L. (Ter. Ed.) c. 231, § 7, Second, where the averments thereof related to a contract, but without direct statements as to its terms, the persons by whom it was made, whether it was oral or in writing, whether it bound the defendants jointly or severally, or jointly and severally, or when it was to be or was in fact performed; it was averred that the alleged contract was made "directly and/or indirectly, as undisclosed principal and/or disclosed principal, and/or through their agent or agents"; and there were other averments in which the words "and/or" were used and which were indefinite and alternative in form.

A certain declaration in contract, which contained averments that it was based on a *quantum meruit;* that the plaintiff at a certain time furnished to the defendant certain labor and materials, for which the defendant knew or ought to have known that he was to pay a reasonable price; and that a reasonable price was a certain sum, could not quite be pronounced insufficient although it was confused, and although it contained no averment that the labor and materials were furnished at the request of the defendant or that he agreed to pay for them.

The disposition of a motion by the plaintiff to amend the declaration in an action rests in the sound judicial discretion of the judge who hears it.

CONTRACT. Writ dated May 31, 1933.

The declaration is described in the opinion.

In the Superior Court, demurrers to the declaration were sustained, and a motion by the plaintiff to amend the declaration was denied, by orders of *Williams,* J. The plaintiff appealed from the orders.

*P. Jed,* for the plaintiff, submitted a brief.

*H. F. Collins,* for the defendants.

RUGG, C.J. Six individuals are named as defendants in this action of contract, together with "The American

Legion, Lawrence Post, No. 15" and "The American Legion, Department of Massachusetts." Of these two there is no further description in the writ or declaration; there is no specification whether they are corporations or voluntary organizations; if the latter, no person or persons are named as members or representatives. Pleas in abatement have been directed to this point, which are not before us. There are two counts in the declaration. Demurrers filed by the several individual defendants were sustained. The plaintiff appealed.

The rule of pleading, both at common law and under the statute, is that a declaration must state concisely and with substantial certainty the substantive facts constituting the cause of action, with such clearness and precision that the defendant may be able to plead to it intelligently and directly. G. L. (Ter. Ed.) c. 231, § 7, Second. *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 35. *Robitaille* v. *Morse,* 283 Mass. 27, 35. *Gosline* v. *Albro Clem Elevator Co.* 174 Mass. 38.

The first count violates this fundamental rule. Its averments relate to a contract; but there are no direct statements as to its terms, the persons by whom it was made, whether it was oral or in writing, whether it binds the defendants jointly or severally, or jointly and severally, when it was to be or was in fact performed; but it is said to have been made "directly and/or indirectly, as undisclosed principal and/or disclosed principal, and/or through their agent or agents." There are other statements phrased according to the "and/or" formula and indefinite and alternative in form. It fails to give any adequate information as to a cause of action. Plainly, defendants ought not to be required to answer and to try such a mass of vagueness.

The second count alleges that it is based on a *quantum meruit* and that the plaintiff in March and April, 1932, furnished to the defendants labor and materials consisting of forty-four thousand books of ten tickets each for a certain ball to be held at a designated hall in Boston in June, 1932; that the defendants knew or should have known that they were to pay a fair and reasonable price therefor, and that

such price was $4,400. This count contains no statement that the tickets were furnished at the request of the defendants, or that they agreed to pay for them. The form of declaration on *quantum meruit* in G. L. (Ter. Ed.) c. 231, § 147, 1 (e), requires simply a statement that the defendant owes the plaintiff a specified sum for labor and materials. That imports the essentials of the common law count on a *quantum meruit* to the effect that the work was done and materials were furnished at the request of the defendant and that in consideration thereof the defendant promised the plaintiff to pay so much as he reasonably deserved to have. *Caverly* v. *McOwen*, 123 Mass. 574, 577–578. While this count is somewhat confused, we think that it cannot quite be pronounced insufficient. *Massachusetts Mutual Life Ins. Co.* v. *Green*, 185 Mass. 306, 309. *Windram* v. *French*, 151 Mass. 547, 552.

Disposition of the plaintiff's motion to amend his declaration rested in sound judicial discretion. Its denial presents no question of law. *Fay* v. *Boston & Worcester Street Railway*, 196 Mass. 329. *Morgan* v. *Republican Publishing Co.* 249 Mass. 388.

The orders sustaining demurrers as to the first count and denying motion to amend are affirmed; but orders sustaining the demurrers as to the second count are reversed.

*So ordered.*