HARRIET M. COBURN, administratrix, *vs.* GEORGE A. MOORE.

Plymouth.   December 3, 1947. — January 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Pleading, Civil,* Declaration.

An amended declaration in an action against a physician, allowed after a decision by this court that there had been a variance between the original declaration alleging negligence of the defendant in the treatment of a throat ailment and proof of negligence in causing the removal of the patient from a hospital to an institution at a distance when the defendant knew or should have known that the patient was suffering from pneumonia, was held to contain sufficient allegations of the negligence in causing such removal to fulfill the requirements of G. L. (Ter. Ed.) c. 231, § 7, Second, and to comply with the rescript of this court, and to have been allowed properly, although it also contained allegations of the negligence respecting the throat ailment which had not been proved at the trial.

TORT.   Writ in the Superior Court dated May 17, 1943.

Following the decision of this court reported in 320 Mass. 116, certain motions and a demurrer were heard by *Sullivan*, J.

*J. N. Clark,* for the defendant, submitted a brief.

*J. N. Esdaile,* for the plaintiff.

LUMMUS, J.   This case was here once before.  *Coburn* v. *Moore,* 320 Mass. 116.   The declaration originally alleged that the defendant, a physician, negligently treated the plaintiff's intestate for a throat ailment with the result that death (first count) and conscious suffering (second count) resulted.   After a verdict for the plaintiff on each count, the case came here on the defendant's exceptions.   We held that the evidence warranted a finding that the defendant was negligent in ordering the removal of the plaintiff's intestate from Brockton to Tewksbury, a distance of more than sixty miles, when he was suffering from pneumonia.   But since that negligence was not the negligence declared on, we ordered the exceptions sustained and judgment entered for

the defendant on the ground of variance, unless an amendment should be allowed within thirty days from the date of the rescript making the declaration conform to the proof, in which event the exceptions were to be overruled. The decision was handed down on July 8, 1946.

On July 19, 1946, an amendment to the declaration was allowed. The new first count alleged an undertaking by the defendant to "diagnose, care for and treat" any ailment in addition to the throat ailment from which the plaintiff's intestate was suffering, and alleged that the defendant was negligent in failing to discover pneumonia, and in ordering the removal of the plaintiff's intestate from Brockton to Tewksbury when the defendant knew or ought to have known that the intestate had pneumonia, with the result that he died. The new second count alleged the same facts, with the result that the plaintiff's intestate consciously suffered. To the allowance of the amended declaration the defendant excepted. The defendant demurred to the declaration thus allowed, and appealed from the overruling of his demurrer. He moved for judgment in his favor, on the ground that the amended declaration did not comply with the terms of the rescript, and excepted to the denial of this motion.

General Laws (Ter. Ed.) c. 231, § 7, Second, provides that "The declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action." Such facts must be stated "with such clearness and precision that the defendant may be able to plead . . . intelligently and directly." *Grandchamp* v. *Costello*, 289 Mass. 506, 507. *Comerford* v. *Meier*, 302 Mass. 398, 400.

In our opinion the allegations of the amended declaration conformed to the statute, and also to the rescript ordered by the earlier opinion. The defendant contends that the amended declaration still contains allegations of negligence in the treatment of the throat ailment, which the earlier opinion declared unsupported by the evidence. But the amended declaration also contained allegations of the very negligence causing conscious suffering and death that we

held supported by the evidence. Those allegations were sufficient to sustain the verdicts for the plaintiff, and it is immaterial that the amended declaration still contained allegations of which there was no proof.

The exception of the defendant to the allowance of the amendment is overruled, as is his exception to the denial of his motion for judgment. The order overruling the demurrer to the amended declaration is affirmed. Judgment is to be entered for the plaintiff upon the verdicts returned at the earlier trial.

*So ordered.*