*Southern District*

## GEORGE H. GIBSON
### v.
## JAMES J. BYRON

*Welch, J.* This is an action of contract to recover for damages sustained because of an alleged breach of an oral contract. The defendant filed a demurrer and answer.

The court sustained the demurrer without setting forth on which part or parts thereof the ruling was made, and the plaintiff claims to be aggrieved by the court's ruling.

The declaration was as follows:

"The plaintiff says that the defendant was, and is now, the owner of certain realty situated in the Town of Wareham, in the County of Plymouth; that the said realty is a lot of land; that on or about Feb. 5, 1956, the plaintiff hired from the defendant the said lot of land for the installation thereon of a dining car or lunch wagon, so-called, the stipulated consideration therefor being $1,000 per year, and further, the defendant promised the plaintiff that a lease would be drawn up with the terms and conditions orally agreed upon; that the plaintiff entered into said oral agreement with the defendant in good faith and intending to comply with all the terms and obligations imposed by the defendant, but that the defendant has not complied and has refused to comply with the terms of said contract or agreement. Wherefore the plaintiff claims damages by reason of the defendant's non-performance or breach of said agreement.

And the plaintiff further says that, in reliance on the promises in the agreement made by the defendant with the plaintiff, he spent large sums of money for the construction of a foundation for the contemplated installation of the said dining car, electrical connections, sewer and water connections, cesspool and plumbing, and ditch digging; that while the work above described was in progress and on the day when the dining car was to be installed on the newly constructed foundation, the defendant demanded double the rental per annum, or $2,000. per year instead of the $1,000. per year agreed upon, thus forcing the plaintiff to quit the premises, and in so doing, the plaintiff says that the defendant was guilty of breach of contract and caused great damage to the plaintiff as in his writ alleged."

The demurrer was as follows:

"The defendant demurs to the plaintiff's declaration, and assigns therefor, the following:

1. The matters contained in the plaintiff's declaration are insufficient in law to enable the plaintiff to maintain his action;

2. The declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action;

3. The matter set forth in the plaintiff's declaration is an interest in land, tenements, or hereditaments, and there being no writing therefor, is within clause 4, section 1 of Chapter 259 of the General Laws, known as the Statute of Frauds, and because thereof, no recovery can be had by the plaintiff;

4. The allegations therein are vague, uncertain and indefinite."

The issue to be decided is whether there was error in sustaining the demurrer.

G. L. (Ter. Ed.) c. 231, §7, Second, provides that "the declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action."

The declaration fails to meet these requirements.

The plaintiff alleges that he hired a lot of land from the defendant for $1,000 a year and that the defendant promised that a lease would be drawn up with the terms and conditions orally agreed upon. These terms and conditions of the alleged oral agreement are not set out. The nature and terms of the oral agreement should have been set out with certainty and precision. "The defendant ought not to be required to answer and try such a mass of vagueness." *Grandchamp v. Costello,* 289 Mass. 506, 507. The declaration must contain "all the circumstances necessary for the support of the action . . . with such precision, certainty and clearness that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivo-

cal plea." *Davis v. H. S. & M. W. Snyder, Inc.,* 252 Mass. 29.

Also, the matter set forth in the declaration is an interest in land, and therefor should have been in writing as required by G. L. (Ter. Ed.) c. 259, §1, cl. 4. This defence may be made by demurrer. *Weiner v. Lowenstein,* 314 Mass. 642, 645; *Bank of Commerce & Trust Co. v. Schooner,* 263 Mass. 199, 204-205.

An agreement to lease land must be in writing. *Snider v. Deban,* 249 Mass. 59, 62.

The plaintiff apparently is seeking to recover damages because he expended money in preparing the land for the installation of a dining car, on the theory of part performance. The doctrine of part performance is recognized only in equity, and the plaintiff cannot recover in this action. *Montouri v. Bailen,* 290 Mass. 72, 75.

*There being no error the report is dismissed.*

Chris Byron, for the defendant