DAVID A. BILZERIAN & another *vs.* WORCESTER REDEVELOPMENT AUTHORITY & others. March 30, 1966. The plaintiffs, seeking to recover a broker's commission and alleging a varying combination of facts regarding their role in the sale of land which the defendant Holiday Inns of America, Inc. bought from one of the other two defendants, have thrice attempted to state a cause of action. The defendants demurred to the further amended declaration. Their demurrers did not properly save the question whether the amended and further amended declarations were attempts to plead causes of action not pleaded in the original declaration. To challenge the allowance of the amendment the defendants should have brought the matter here on exceptions. *Clark* v. *New England Tel. & Tel. Co.* 229 Mass. 1, 5–6. *Quincy* v. *Brooks-Skinner, Inc.* 325 Mass. 406, 411–412. See *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 126–127. The plaintiffs' further amended declaration contained ten counts in contract, each of which is internally consistent in its allegations although a number of the counts conflict with other counts in the factual situations which they allege. In any event, the question whether the declaration is demurrable because of inconsistencies among counts is not before us, inconsistency not having been designated as a ground for the demurrers. *Mullaly* v. *Austin,* 97 Mass. 30, 33–34. While the plaintiffs' declaration is discursive, is in effect an imposition upon the trial court, insures a plethora of complicated defence pleadings, and invites confusion in the trial, it cannot be said that any one of the plaintiffs' counts is so vague as to be demurrable nor that the defendants' remedies by way of compelling an election by the plaintiffs will not be available at the proper time. G. L. c. 231, § 7, Second. See *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 35, 37; *Grandchamp* v. *Costello,* 289 Mass. 506, 507; *Glynn* v. *Blomerth,* 312 Mass. 299, 301–302. See also *Lumiansky* v. *Tessier,* 213 Mass. 182, 188–189. Since the counts cannot be said to be insufficient the demurrers should not have been sustained.

*Orders sustaining demurrers reversed.*

*John H. Goewey* for the plaintiffs.

*Lawrence A. Sullivan* for Worcester Redevelopment Authority.

*Lawrence H. Fisher* for Albright Development Corp. & another.