MINERVA SLACK & others *vs.* GEORGE N. BLACK.

If a bill in equity to enforce an express trust under an agreement, and praying for discovery and relief, shows on its face that the agreement was oral and that there is no written memorandum thereof, a demurrer will lie both to the discovery and the relief.

BILL IN EQUITY by the widow of Jonas R. Slack, and his children and heirs at law, " who were on June 17, 1871, admitted as parties defendant under date of February 24, 1869, to a bill of complaint filed May 5, 1868, by George N. Black against William Lewis, for the redemption of certain mortgaged premises." The bill alleged " that said Minerva Slack and others, June 10, 1871, filed an answer under oath to said bill of complaint, and file this bill against said Black to obtain a necessary discovery of facts in aid of their defence to said original bill, and for affirmative relief by a decree that Black shall convey his legal title to the premises described in his said bill to said Minerva Slack and others, in conformity to their legal and equitable title to the premises ; that the deed of the same upon which Black claimed to redeem the premises was made to him by Enos Morgan, dated, acknowledged and recorded September 30, 1864 ; that the deed was drawn by Robert D. Smith, Esquire, counsel of Black, at his request and expense, was written and signed at his office in Boston, and in said office delivered ; that no money was paid by Black as consideration for the deed ; that it was well known to Black at and before the delivery of the deed to him, that Morgan had signed and sealed a deed of the premises to Jonas R. Slack, dated September 2, 1850, which last named deed is now in the possession of said Smith, Black's counsel ; that in 1850 Jonas R Slack purchased the premises of Morgan, and paid him a valuable consideration therefor, and from and after such purchase and the date of the deed to him, occupied the premises as owner thereo; until his death, December 26, 1863 ; that during that period no one else claimed to be the owner of the premises ; that during the lifetime of Jonas R. Slack, Morgan treated him as the owner of the premises ; that from the time of the purchase thereof by Jonas R. Slack, he paid the interest on the mortgage of the prem-

ises named in Black's bill of complaint, and also paid the city and water taxes on the same ; that no other person was known to Minerva Slack and her children as owner ; that they ascertained from Morgan after the death of Jonas R. Slack that the deed of the premises from Morgan to Jonas R. Slack was left in the hands of a third person for the convenience of Jonas R. Slack ; that it so remained at the death of Jonas R. Slack; that inquiry was made of Morgan, because the deed could not be found among the papers of Jonas R. Slack ; that during the lifetime of Jonas R. Slack, he had uninterrupted, notorious and exclusive possession of the house ; that after his death his heirs refused to purchase from Morgan any title which he might claim to have to the premises, and claimed that the premises were theirs ; that Morgan endeavored to buy them off, and they refused his overtures ; that the widow and heirs were in possession of the premises above named, and claimed title thereto, adversely to said Morgan, and did not enter under him or by his permission ; that Black, when he took the deed of the premises had full notice of the legal or equitable title of the widow and heirs of Jonas R. Slack to the premises, and any title thereto which was held by Black was held by him as trustee for the widow and heirs of Jonas R. Slack, whose rights he sought to defeat ; that when Black took the deed, he had notice that the premises were held adversely to Morgan, under a contract which he had made many years previously for a sale of the premises ; that it was well known to Black that the widow and heirs of Jonas R. Slack held the premises adversely to Morgan, and did not enter upon the premises under any contract with Morgan, that they never in any way acknowledged that they held any title under him, and that they utterly refused to make any contract whatever with Morgan respecting the premises ; that Black was willing to aid Morgan in defeating the legal and equitable title under which the premises were held ; that it was known to Black that Morgan had offered money to the widow and heirs of Jonas R. Slack, if they would vacate the premises, which they refused to do ; that the only inducement which Black had to aid Morgan in defeating the title of the widow and heirs of Jonas R. Slack, was out of the property to collect a demand

due from Morgan to Black, for lumber sold, the first sale having been in 1860, and the bill having been due and unpaid for some years previous to the delivery of the deed from Morgan to Black; that payment of the bill had been repeatedly demanded, and when the deed was given, no receipt therefor was then, or has been since given by Black; that all his acts and proceedings in relation to the property are contrary to equity and justice, and tend to the manifest wrong and injury of the plaintiffs; and that they are entitled to a release and conveyance from Black of whatever title he has to said premises."

The prayer was " that Black may, upon his corporal oath, full, true, direct and perfect answer make to all and singular the matters aforesaid, and more especially, that upon his oath he may answer, whether the deed given by Morgan to him was not signed, acknowledged and delivered in the office of Smith in Boston; that no consideration of any kind, sort or nature, was paid by Black for the deed; that he may in like manner answer, when and how long prior to the date of the deed, Morgan called his attention to the premises, and informed him that the same were in the occupation of the widow and heirs of Jonas R. Slack, claiming the premises as their own; when he was informed by Morgan, that they did not enter upon said premises under Morgan, or by his permission, that he had been unable by offer of money or otherwise to induce the widow and heirs to vacate the premises, and that they held the same adversely to Morgan; at what time he made the agreement with Morgan, to aid him in defeating the title of the widow and heirs of Jonas R. Slack to the premises; when he was first informed by Morgan, or any one else, that when Morgan took advantage of the insolvent law in June 1857, no mention was made in his schedule of property of the premises or of any notes or demands due from Jonas R. Slack to Morgan; and whether he did not join Morgan in an attempt to defeat the title of the widow and heirs of Jonas R. Slack to the premises on account of a supposed defect or flaw in their title. And after he has answered said general and special interrogatories, he may, in like manner, answer whether he knows any other matter or thing which would be a benefit to the plaintiffs and material to main-

tain their claim to said property; and if so, that he be required to disclose the same as fully as if thereto particularly interrogated," and for further relief.

The defendant demurred to the bill for want of equity and for multifariousness, and the case was reserved, by *Colt*, J., on bill and demurrer for the determination of the full court.

*R. D. Smith*, for the defendant.

*E. Blake*, for the plaintiffs.

GRAY, J. Allowing to the crude, confused and contradictory allegations of this bill the utmost possible effect, it contains no statement whatever of the nature of the defence of these plaintiffs to the original bill previously filed by this defendant; it sets up, with equal vagueness and imperfection, two inconsistent titles, one under a purchase by Jonas R. Slack from Enos Morgan, and the other under a disseisin of the latter by the former; it alleges that the deed from Morgan to Slack was signed and sealed, but leaves it, to say the least, ambiguous whether it was delivered, and contains no allegations tending to show that it was executed or intended as a memorandum of an independent agreement between the parties, and therefore fails to present the question, suggested at the argument, whether that deed, undelivered, could be deemed a sufficient memorandum in writing to satisfy the statute of frauds; it does not state with any definiteness the terms of any such independent agreement, and it imports throughout that any agreement which was made was merely oral; and that fact, thus appearing on the face of the bill, may be taken advantage of by demurrer. *Walker* v. *Locke*, 5 Cush. 90. *Randall* v. *Howard*, 2 Black, 585. No trust arising or resulting by implication of law, or expressly declared in writing, nor any written memorandum of agreement, being shown, the case is within the statute of frauds. Gen. Sts. *c*. 100, § 19; *c*. 105, § 1. And the bill sets forth no title in the plaintiffs, in aid of which they are entitled either to the discovery or to the relief prayed for. Without therefore, considering the other grounds relied on by the defend ant in argument. the *Demurrer is sustained.*