RICHARD W. KENNEDY *vs.* WILLIAM F. POOLE, administrator, & others.

Suffolk.   December 6, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* To reform deed, Mistake. *Evidence,* Presumptions and burden of proof. *Frauds, Statute of.*

A suit in equity in which the plaintiff sought a reformation of a mortgage deed of real estate which, he alleged, by a mutual mistake of his mother and himself she had given to him instead of a deed conveying a title in fee simple, was referred to a master, who made findings of fact favorable to the plaintiff and included in his report a transcript of the evidence heard by him. Exceptions to the master's report were overruled and a decree was made for the plaintiff, from which the defendants appealed, contending that the master's findings were

not warranted by the evidence. It being manifest that the master's findings were warranted by the evidence, the decree was affirmed with costs.

The statute of frauds has no application to a suit in equity seeking the reformation of a deed of real estate by the striking out of a clause of defeasance inserted by a mutual mistake of the parties.

BILL IN EQUITY, filed in the Superior Court on January 12, 1910, by a son of Catherine Kennedy, late of Natick, against the administrator of her estate and her heirs at law, for the reformation of a deed of real estate given by her to the plaintiff, which, it was alleged, was intended to convey an estate in fee simple but by mutual mistake was made in the form of a mortgage.

The case was referred to John W. Saxe, Esquire, as master. Exceptions to the master's report were overruled by *Bell,* J., who made a decree, the first paragraph of which read as follows:

"This case came on to be heard at this sitting and was argued by counsel, and it appearing to the court that the mortgage of four hundred dollars set forth in the bill of complaint was drawn by mutual mistake in such manner that although it was intended by the parties to convey an estate absolute and in fee simple in the real estate therein described a defeasance clause was included in said instrument; and thereupon upon consideration thereof it is ordered, adjudged and decreed that said instrument be reformed by striking out said clause of defeasance and that said instrument shall be held, construed and regarded as having conveyed an estate absolute and in fee simple in said property therein described any words in said instrument as originally drawn to the contrary notwithstanding."

The defendants appealed.

*F. H. Stevens,* for the defendants.

*M. T. Hall,* for the plaintiff, was not called upon.

DE COURCY, J. This is a bill in equity for the reformation of an instrument given by Catherine Kennedy to her son Richard W. Kennedy, the plaintiff, which was intended by the parties to convey an estate in fee simple in the estate therein described, but by mutual mistake was made in the form of a mortgage. The master finds as follows: The plaintiff agreed to purchase this "homestead" estate for $1,200, which was a fair price; $800 of this was to be obtained from the Natick Five Cents Savings Bank upon a note given by Catherine Kennedy and secured by a mortgage on the

homestead. The payment of this mortgage the plaintiff was to assume, and he was also to give to his mother a note and second mortgage for the remaining $400. The preparation of the legal papers was entrusted to the attorney for the bank; and instead of making a deed to the plaintiff and a mortgage back from him to his mother, he made out a mortgage to the plaintiff, and no deed. About two and a half years later the plaintiff gave to the savings bank a mortgage on various properties, including this homestead, and in so doing acted entirely in good faith, supposing that the legal title was vested in him; and the same attorney prepared the papers, — one of which was a discharge of the mortgage for $800 given by Catherine Kennedy to the bank. In connection with this last loan the plaintiff as owner procured insurance on the homestead payable in case of loss to the Natick Five Cents Savings Bank, first mortgage, and the balance, if any, to Catherine Kennedy, second mortgagee, as their interests may appear. Until the death of his mother, about three and a half years after the execution of the instrument in question, the plaintiff collected the rent that was paid, made repairs on the house and barn, paid the taxes, water rates, insurance and the interest on the bank mortgage, and in other ways acted as the owner in possession. After her death, and when a tenant refused to pay rent, the plaintiff for the first time discovered the mistake that was made, and that he held a mortgage instead of a deed of the homestead. The attorney, who admitted that there should be a deed to the plaintiff, sought to find the same, but died before the matter was adjusted and this litigation followed.

The exceptions of the defendants to the master's report raise the question whether these findings of fact were warranted by the evidence before him. We do not deem it necessary or profitable to recite in detail the testimony, a transcript of which accompanies the report. It is sufficient to say that there was ample warrant for every finding of fact, and that circumstances as to which there is no controversy afford the support of strong probability to the plaintiff's contention. The case presents one of those family disputes, involving irreconcilable conflict of testimony and dependent largely for its solution upon the credibility of witnesses; and we cannot say that the master, who had the opportunity to observe and compare the witnesses while under examination, was wrong

in reaching his conclusions. The delay in discovering the mistake, which under other circumstances might preclude recovery on the ground of laches, evidently was accounted for satisfactorily to the master by the plaintiff's method of carrying on business, his relations to Catherine Kennedy, and his entire reliance upon the attorney for the bank in the preparation of the papers.

The statute of frauds does not operate to prevent the reformation of the instrument by means of striking out the clause of defeasance that was inserted by mutual mistake. No attempt is made to insert a parcel of land that was omitted from the writing, or to construct an agreement by introducing a new element that is required by the statute to be reduced to writing in order to make the agreement binding. *Canedy* v. *Marcy*, 13 Gray, 373. *Sawyer* v. *Hovey*, 3 Allen, 331. *Goode* v. *Riley*, 153 Mass. 585.

The plaintiff's case seems to have been made out by clear and convincing proof, and the decree overruling the exceptions is adapted to make the instrument conform to the real intention of the parties. *Long* v. *Athol*, 196 Mass. 497, and cases cited. The entry must be

*Decree affirmed with costs.*