DENNIS F. CROWLEY & another *vs.* FRED HOLDSWORTH
& others.

Suffolk.    May 24, 1928.— June 29, 1928.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* Reformation, Rescission, Performance and breach.    *Tender.*
*Equity Jurisdiction,* To reform contract, To rescind contract.    *Equity*
*Pleading and Practice,* Supplemental matter; Master: findings, recom-
mittal; Appeal.

In a suit in equity for rescission and cancellation of a deed, mortgage and
note and an order for repayment to the plaintiff of the purchase price of
certain real estate, a master in a draft report found that both parties
erroneously had thought that a deed by the defendant to the plaintiff
had conveyed premises as described in an agreement for the sale.    There-
after the defendant tendered a deed conveying premises in accordance
with what the master in his draft report had found was the intention of
the parties.    The tender was refused by the plaintiff.    These facts were
reported by the master in his report as filed in court.    By order of the
judge, a final decree was entered directing, instead of rescission, reforma-
tion of the transaction by the delivery of proper deeds to express the
real intention of the parties.    *Held,* that the decree gave the appropri-
ate remedy.

At the time the original deed of the defendant to the plaintiff above
described was delivered, it was noticed that it made no reference to a cer-
tain right of way or to a bond to dissolve an attachment upon the prem-
ises being conveyed, and the parties in substance then agreed that that
deed would be accepted on the condition that the defendant would give
the plaintiff the right of way and file a statutory bond to dissolve the
attachment as soon as he could.    After suit was brought, the bond to
dissolve the attachment was filed and, about one and one half years
after it was brought, the defendant tendered to the plaintiff a deed con-
veying the right of way required.    The master found that the plaintiff
had suffered no damage from the delay in filing the bond, and no evi-
dence was offered of damage which would not be substantially cured by
a present conveyance of the right of way.    *Held,* that this court need not
consider whether such a condition legally may be attached by parol to a
conveyance absolute in form, since substantial performance of the
condition was proved.

Upon a recommittal to the master of the suit above described, he was
justified in considering, upon the question, whether the title tendered
in the defendant's deed was good, evidence heard by him on the bill
and original answer, and in finding that the title found to be good in
1924 continued to be good in 1926.

The tender of the deeds of additional land and of a right of way above
described was made to the plaintiff's attorney of record, and thereafter
such tender was alleged and the offer was repeated in a supplemental an-

swer filed by leave of court. The plaintiff questioned the validity of the tender to the attorney. *Held*, that this court need not decide whether counsel for the plaintiff was authorized to accept or refuse the tender for his client, for, if no such authority existed, the offer in the supplemental answer gave the defendant the same rights which a formal tender outside of court would give.

In the suit above described, it appeared that the plaintiff had the use of the property, which was hotel property, for one season before his bill was filed and that a substantial depreciation in its value had occurred. *Held*, that, for this additional reason, the plaintiff was not entitled to rescission.

A plaintiff in a suit in equity heard in this court on his appeals from an interlocutory decree overruling his demurrer to a cross bill and from a final decree which, among other matters, awarded damages as set forth in the cross bill, by failing to argue in this court the appeal from the interlocutory decree and that part of the final decree relating to such damages, waived those contentions.

An interlocutory decree in the suit above described directed that disposition of a certain fund, proceeds of a policy of fire insurance, placed in the hands of trustees, be made by the final decree. The final decree failed to make such disposition, and the suit was remanded for a determination and order as to what disposition of the fund should be made.

BILL IN EQUITY, filed in the Superior Court on October 9, 1924, and afterwards amended, by Dennis F. Crowley and Joseph Szathmary against Fred Holdsworth, Robert D. Farrington, Charles W. Rowell and Bartholomew J. Crowley, for rescission, as stated in the opinion.

The suit was referred to a master. Besides the facts stated in the opinion, the following facts appeared from the master's report: On April 21, 1924, the defendants, acting through the defendant Rowell, agreed to purchase from L. Damon's Sons Company certain real estate enclosed in red and marked "Locus" on a plan later identified and called in the report the XYZ Plan, which the master described as "hardly more than a sketch."

The plaintiff by agreement in writing dated April 28, 1924, agreed to purchase from the defendant Rowell "all of the parcels of land . . . enclosed in red and marked 'locus'" on the same plan.

In the meantime, a conveyancer employed by the defendants as to the purchase from L. Damon's Sons Company sensed some uncertainty as to the northerly boundary of the premises, and by his advice a survey of the premises was

made by one Foster, who made a plan dated May 12, 1924, by which, and without reference to the XYZ Plan, a conveyance was made by L. Damon's Sons Company to the defendant Rowell for the other defendants on May 17, 1924.

The defendant Rowell for the other defendants conveyed the same premises thus received to the plaintiffs by a deed dated June 14, 1924, the parties making the mutual mistake of thinking that the premises enclosed in red and marked "Locus" on the XYZ Plan were being conveyed. The deed by the Foster plan, however, omitted a strip of land from the northerly boundary of the tract nearly eight hundred feet in length and of varying width.

The record discloses that the defendant Bartholomew J. Crowley consented "that the bill be taken *pro confesso* as to him." The master, however, found: "The defendant Bartholomew J. Crowley is named in the plaintiffs' bill as holder of a second mortgage on the property conveyed to the plaintiffs as hereinafter described. The defendants have not admitted this allegation, no evidence was introduced to support it, and I am unable to report further concerning Bartholomew J. Crowley."

The defendants' supplemental answer was filed by leave of court on February 11, 1927.

Other material facts are stated in the opinion.

After the filing of reports by the master, the suit was heard by *Morton, J.*, by whose order there were entered an interlocutory decree overruling exceptions to the report by both parties and a final decree granting to the defendants the relief stated in the opinion. The plaintiffs appealed.

The case was submitted on briefs.

*Asa P. French & J. D. Smith*, for the plaintiffs.

*S. L. Whipple, L. Withington, & E. C. Park*, for the defendants.

SANDERSON, J. The plaintiffs are seeking rescission and cancellation of a deed, mortgage and note and an order for repayment to them of the purchase price of certain real estate in Hull, with a further prayer that the court make such orders as may be necessary to place the parties *in statu quo*.

The alleged grounds of relief are mutual mistake and failure

to keep an agreement to grant a right of way and to give a bond. The defendants contend that the plaintiffs' proper remedy is reformation, and they offer conveyances of the property to which, according to the master's findings, the plaintiffs are entitled. The defendants also filed a cross bill to recover for money due them on adjustment of interest, and later by amendment asked for other relief. The property in question consists of about seven hundred fifty thousand square feet of land, with a hotel, outbuildings and cottages located thereon, situated at the easterly end of Nantasket Beach. The judge, after overruling all exceptions to and confirming the master's report and supplemental report, ruled that upon the facts found the plaintiffs are not entitled to rescission but are entitled to have the contract reformed in accordance with the findings of the master, and that the deeds tendered to the plaintiffs on April 16, 1926, were validly tendered and were effective to operate as a satisfaction of the plaintiffs' claim. A final decree was entered in accordance with these rulings, which included an order for the payment of money by the plaintiffs to the defendants. The plaintiffs appealed from the interlocutory and final decrees. The defendants are content with the decree entered.

The defendants Holdsworth and Farrington acted through the defendant Rowell in taking conveyance of the land in question from J. Linfield Damon and the L. Damon's Sons Company, and in making conveyance to the plaintiffs; and these transactions by Rowell will be treated and referred to as the acts of the defendants.

One of the grounds of the plaintiffs' contention that rescission and not reformation is the proper remedy is that the offer to reform came too late. The offer to deliver executed deeds describing the additional land to be conveyed was apparently made after the draft report had been seen. The master found "that at no time would the plaintiffs have been willing to accept a tender of conveyance of the property described in the . . . deeds . . . as a satisfaction of their claims against the defendants. They were at all times relying, not only upon the mutual mistake as to identity of plans, but on the mutual mistake which they alleged with regard to

the quantity of the Damon ownership. They have not at any time expressed any willingness to accept deeds of any definite description. . . . I find that the defendants acted with due diligence in making the offer of conveyances to the plaintiffs upon which they have relied, as previously reported, to constitute the 'tender' alleged in their supplemental answer; that under the circumstances disclosed the defendants made reasonable efforts and used due diligence to procure for the plaintiffs conveyances of the land and right of way to which the plaintiffs were entitled, as soon as they were sufficiently informed regarding the extent of the conveyances which would or ought to satisfy the plaintiffs' claims; and that the failure of the defendants to procure and offer such conveyances to the plaintiffs before April 16, 1926, was not due to fault on the part of the defendants." These are findings of fact upon evidence not reported; they are not inconsistent with the other findings and must stand.

The cause of the mutual mistake made by the parties was that, in making their agreement, they used and referred to a plan identified by the letters XYZ, although the deed was drawn according to a plan called the Foster Plan, made after the agreement was signed. The master found that "The mistake of the parties did not lie in supposing that the Rowell deed conveyed a certain quantity of land, whereas it actually conveyed a lesser quantity. Their mutual mistake was in supposing that the northerly bound of the property delineated on the Foster Plan was substantially the same line as the northerly bound delineated and described on the XYZ Plan, that is, that it was substantially the same as the line of the top of the bluff; and that Rowell's deed to the plaintiffs, with its description by reference to the Foster Plan, conveyed land substantially to the northerly bound delineated on the XYZ Plan. The parties therefore were mutually mistaken regarding the identity of the two plans, and as a result of this mistake they were mutually mistaken as to the bounds of the land which they both believed to be conveyed to the plaintiffs by the Rowell deed."

The plaintiffs have contended from the time of filing their bill, and urge as an additional ground of rescission, that there

was another mutual mistake, namely, that the parties were mistaken in the belief that the land described in the deed was all the land in Hull owned by L. Damon's Sons Company, the defendants' grantors, during the pendency of the negotiations which led to the delivery of the deed. This contention has not been sustained. The master found that the negotiations throughout proceeded upon the basis that the property the plaintiffs intended to buy and the defendants to sell was that shown upon the XYZ Plan and described thereby; that express reference to that plan in the written agreement is not enlarged by the subsequent reference to the defendants' expected purchase from the company, and that they did not incorporate into the written terms expressing their agreement any mistaken belief they may have had that the deed from the company conveyed all the land it owned in Hull.

Upon the finding that because of mutual mistake the deed did not convey the land which the defendants intended to sell and the plaintiffs to buy, reformation by the delivery of proper deeds to express the real intention of the parties is the appropriate remedy. *Sawyer* v. *Hovey*, 3 Allen, 331. *Page* v. *Higgins*, 150 Mass. 27, 30. *Keene* v. *Demelman*, 172 Mass. 17, 22. *J. P. Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212, 218. *Dzuris* v. *Pierce*, 216 Mass. 132, 135. *Winston* v. *Pittsfield*, 221 Mass. 356.

The plaintiffs also contend that the deed was delivered upon two conditions, one relating to a statutory bond to be given to dissolve an attachment placed upon the real estate before conveyance by the defendants' predecessors in title; and the other to an agreement to grant to the plaintiffs a certain right of way. At the time the conveyance was made to the plantiffs the fact was noticed that the deed and plan contained no reference to any right of way around the bath house to the bathing beach, and it was then understood that the deed would be accepted on the condition that the defendants would give the plaintiffs the right of way and file a statutory bond to dissolve the attachment as soon as they could, counsel for the plaintiffs stating that he meant by that within a week or two. The defendants thereupon instructed

their counsel to find out what counsel for the plaintiffs wanted and to get the right of way from Damon and get the bond so that the "thing can go through all right." Counsel for the plaintiffs then said, "Upon that condition I will recommend to Mr. Crowley [one of the plaintiffs] that he accept the deed." One of the defendants then said "All right, we will get you those two things."

We need not consider whether such a condition legally may be attached by parol to a conveyance absolute in form; see *Ward* v. *Lewis*, 4 Pick. 518, 520; for the defendants have offered to make conveyance of a way located at the place the master found the parties understood it should be, and, after suit was begun, filed a bond to discharge the attachment referred to. The finding was made that the plaintiffs have suffered no damage from the delay in filing the bond; and no evidence was offered of damage which would not be substantially cured by a present conveyance of the right of way.

The plaintiffs contend that, if the remedy should be reformation and not rescission, the defendants have failed to prove that the deeds offered would convey a good title. The master's finding that the title obtained by the defendants from J. Linfield Damon and the L. Damon's Sons Company in 1926, which they offered and have been willing to give the plaintiffs, is good, was based upon the plaintiffs' evidence at the first hearings when they were contending that they were entitled to a conveyance of all real estate in Hull owned by the L. Damon's Sons Company, including not only the land covered by the XYZ Plan but other land. This evidence was introduced to prove the title of that company to the real estate at the time of the conveyance in 1924. When the supplemental answer was filed alleging the tender by the defendants on April 16, 1926, of deeds conveying the land to which the master found the plaintiffs were entitled, the matter was recommitted for findings to be made in a supplemental report. The master was justified in considering upon the new issues raised by the supplemental answer the evidence heard by him on the bill and original answer, and in finding that the title found to be good in 1924 continued to be good in 1926.

The master found, in effect, that the title of the grantors to the right of way offered was good for the width to which the plaintiffs were entitled under their agreement with the defendants. Counsel for the defendants, on April 16, 1926, offered to deliver to counsel for the plaintiffs deeds duly executed and acknowledged which would convey to the plaintiffs all the real estate they were entitled to receive, on the findings of the master, by virtue of their agreement with the defendants. Counsel for the plaintiffs refused to accept them and said he had some doubt whether he was the proper person to receive the tender, but that he would take the matter up with his clients and let counsel know. Copies of these deeds were left with the plaintiffs' counsel, with a letter from the defendants' counsel reciting the facts and stating that he had made a formal tender and stood ready to deliver the deeds if the plaintiffs would accept them. A few days later counsel for the plaintiffs wrote: "It is clear, I think, that such a tender is not effective at this late date, after there has been a preliminary finding by the master against your clients upon the issues involved, and after the plaintiffs have incurred large expense, and suffered heavy losses, aggregating many thousand dollars, in, and incident to, the prosecution of their suit brought in October, 1924, of the justice of which your attempted tender is a tardy and insufficient acknowledgement. Your clients' repeated refusal to recognize the plaintiffs' claim cannot, I am confident, be atoned for, after nearly two years of expensive litigation, and incidental depreciation in value, by giving the latter — if it does give them — that to which they were entitled at the date of the delivery of the deed from Rowell to them, the cancellation of which is prayed for in their bill." Because of the findings already mentioned the delay did not prevent the defendants from making a valid tender.

It is unnecessary to decide whether counsel for the plaintiffs was authorized to accept or refuse the tender for his clients, for, if no such authority existed, the offer in the supplemental answer to make these conveyances gives the defendants the same rights which a formal tender outside of court would give.

It also appears from the master's findings that the plaintiffs had the use of the property for one season before their bill was filed and that a substantial depreciation in its value had occurred. For this reason, as well as for the other reasons herein stated, the plaintiffs have not brought themselves within the principles of the cases in which rescission should be granted. *Rackemann* v. *Riverbank Improvement Co.* 167 Mass. 1, 4. *Jeselsohn* v. *Park Trust Co.* 241 Mass. 388, 392. The appeals from the order overruling the demurrer to the cross bill as amended, and from the part of the final decree awarding damages as set forth in the cross bill, have not been argued and are treated as waived.

All of the plaintiffs' exceptions that have been argued must be overruled; some for reasons already sufficiently stated, others because they have become immaterial to the rights of the parties based upon a decree for reformation, or because they relate to findings of fact by the master upon evidence not reported, or because no error of law appears to be involved in the findings made.

In 1927, a supplemental answer was filed alleging that a fire had partially or wholly destroyed certain buildings on the property upon which insurance had been placed and that for that reason the plaintiffs cannot restore to the defendants the premises conveyed. No finding of fact has been made on these allegations but the court entered an interlocutory decree directing that the proceeds received from the insurance companies be held and paid to counsel in this case as trustees, and that the balance held by them be disposed of in accordance with the provisions of the final decree or the order of court. The final decree makes no order concerning this money and the case is remanded to determine what disposition is to be made of it and to incorporate an order concerning it in the final decree. The decree is also to order the bill dismissed with costs as to Bartholomew J. Crowley. It is in all other respects affirmed with costs.

*Ordered accordingly.*