WILLIAM E. DENVIR *vs.* NORTH AVENUE SAVINGS BANK.

Middlesex.   March 5, 1935. — March 7, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Pleading, Civil,* Demurrer. *Frauds, Statute of.*

Where, in an action for breach of a contract, it appears from the declaration that the alleged contract was oral, the defence of the statute of frauds may be pleaded by demurrer.

A promise by a mortgagee of real estate to accept certain securities "in exchange for" the mortgage was a promise to convey an interest in land; and, being oral, the promise was unenforceable by reason of the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth.

CONTRACT.   Writ dated November 9, 1933.

The plaintiff's substitute declaration is described in the opinion.   The defendant demurred.   The first and fifth grounds assigned were as follows: "1. The substitute declaration describes a contract with regard to an interest in real property but does not allege that said contract or promise was in writing and signed by the party who was to be charged thereon as a consequence whereof the declaration does not set out a valid and enforceable contract under the laws of the Commonwealth of Massachusetts. G. L. c. 259, § 1, Fourth." "5. The plaintiff's substitute declaration does not set forth any valid and enforceable action at law against the defendant."

The demurrer was heard in the Superior Court by *Walsh,* J., and was sustained.   The plaintiff appealed.

The case was submitted on briefs.

*J. J. Enright & P. J. Gallagher,* for the plaintiff.

*A. P. Stone & M. H. Stone,* for the defendant.

BY THE COURT. This is an appeal from an order sustaining the defendant's demurrer to the plaintiff's declaration. The essential allegations in the declaration are that the plaintiff owned a home in Arlington in which he resided; that the defendant held a mortgage upon that home; that the defendant agreed with the plaintiff that if he would "file application for a loan with the Home Owners' Loan Corporation, as provided in the Home Owners' Loan Act of 1933 and that if he would secure the consent of his wife to join in said application it would accept the bonds of the said Home Owners' Loan Corporation in exchange for said mortgage" and "would waive any existing breach of said mortgage"; that the plaintiff secured the consent of his wife and made application with the Home Owners' Loan Corporation and that thereupon the latter secured "the assent of the defendant to accept the bonds to be issued by it in exchange for the mortgage on the said property of the plaintiff"; and that thereafter the defendant foreclosed its mortgage in violation of the agreement. The plaintiff is bound by these allegations. The word "exchange" must be given its natural meaning. The demurrer assigned among other grounds that the declaration did not allege that the contract was in writing and signed by the party to be charged and therefore did not set out a valid and enforceable contract.

It is plain from the declaration as a whole that the alleged agreement between the plaintiff and the defendant was oral and not in writing. Therefore the defence of the statute of frauds may be made by demurrer. An agreement to exchange a mortgage on real estate for other property is an agreement to convey an interest in land and to be enforceable must be in writing. G. L. (Ter. Ed.) c. 259, § 1, Fourth. *Linsky* v. *Exchange Trust Co.* 260 Mass. 15, 18. *Montuori* v. *Bailen, ante,* 72. The contract was entire and not divisible, and cases like *Rosenberg* v. *Drooker,* 229 Mass. 205, are distinguishable.

The demurrer was rightly sustained on grounds 1 and 5. Other grounds need not be considered.

*Order sustaining demurrer affirmed.*