This is an action by Peoria School District No. 11 against Glendale Union High School District for money had and received. The defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The allegations of the complaint were also put in issue by general denial. The demurrer was overruled, and upon a trial by the court judgment was entered for the plaintiff. The defendant has appealed and insists for several reasons the court erred in overruling the general demurrer and entering judgment against it.
The facts relied upon by plaintiff as entitling it to recover, omitting formal allegations, are as follows:
"That heretofore and on or about the month of September, 1932, the Board of Supervisors of Maricopa County levied a direct taxfor school purposes for the fiscal year of 1932-1933 of Twelve (12¢) cents per each One Hundred ($100.00) Dollars valuation on and against all of the taxable property lying within the boundaries of said Peoria School District No. 11, in Maricopa County, Arizona; that on or about the month of September, 1933, the Board of Supervisors, Maricopa County, Arizona, levied adirect tax for school purposes for the fiscal year of 1933-1934 of Thirty (30¢) cents per each One Hundred ($100.00) Dollars valuation on and against all of the taxable property lying within the boundaries of said Peoria School District No. 11, in Maricopa County, Arizona; *Page 480 
that thereafter and at various times between the said month of September, 1932, and the 31st day of January, 1934, the said Board of Supervisors and the Superintendents of Schools of Maricopa County, Arizona, apportioned, to and for the use and benefit of the defendant, Glendale Union High School District, out of and from the taxes collected in payment of said tax levies, the total sum of Three Thousand, Six Hundred Fifty-seven and 12/100 ($3,657.12) Dollars, and that the defendant, Glendale Union High School District, received and accepted the use and full benefit of the said apportionment.
"That said apportionment of said sum of Three Thousand Six Hundred Fifty-Seven and 12/100 ($3,657.12) Dollars to the said Glendale Union High School District was illegal and made by mistake from money actually and rightfully belonging to the Peoria School District No. 11, and that by reason of the premises the defendant, Glendale Union High School District, has been unjustly enriched at the expense of the plaintiff in the sum of Three Thousand Six Hundred Fifty-Seven and 12/100 ($3,657.12) Dollars. . . ." (Italics ours.)
It is claimed the complaint is fatally defective in failing to allege that the tax levies on the property in plaintiff school district were made by the board of supervisors for plaintiff school district; that the mere allegation that such levies were made "for school purposes" on the taxable property within the district does not supply the deficiency. While it is true that a tax on property within a taxing unit such as a school district usually, when collected, belongs to the district, it is not always so.
School districts are quasi-municipal organizations created by the state to assist it in administering its system of free public schools. "The bases of the educational organization of the county and state are the school districts and high school districts," so declares the statute. Section 996, Rev. Code of 1928. Owing to the increase of population and wealth of the *Page 481 
state, school districts have had their boundaries frequently changed; new districts have been formed, some of them out of new territory and some of parts of older districts and some by consolidation. All these contingencies have been provided for by the statute. Section 997 et seq., Id. The common school districts when contiguous to a high school or union high school are given the right to annex themselves to such high schools. Section 1003, Id.
[1] High school districts do not exist independent of common school districts. They are built upon the common school districts. They may be identical in name, area, and government with a common school district, or may be composed of two or more common school districts, or of all of such common school districts in a county. Hunter v. Northern Arizona UtilitiesCo., ante, p. 78, 74 P.2d 577.
The plaintiff sues in its capacity as a common school district for a tax alleged to have been levied on its property "for school purposes." Plaintiff's territory may be in the boundaries of a high school or union high school district, or may have once been a part of such a school district. If so, it is not only possible, but very probable, that several taxes may be legally charged against its property. For instance, a tax to defray the current expenses of maintaining its common schools, or one to maintain the school of a high or union high school district of which it is a part; another to retire its district bonds or the district bonds of the high school district of which it is or was a part. Section 1014 et seq. provide that common school districts may bond themselves to buy school sites, construct and furnish school buildings, etc. Section 1076, Id., gives the same right to high schools.
At the time of making the levy of taxes for county purposes, the board of supervisors is required to *Page 482 
make a levy upon the taxable property in a school district to meet the interest and redemption of any of its school bonds. Section 1022, Id. And such board is also required to levy a school tax to defray the current expenses of the schools within the district. Sections 1090 and 1091, as amended by chap. 65, §§ 9, 11, Laws 1933, and chap. 106, § 2, Laws 1935. These levies by the board of supervisors are required to be made upon itemized estimates by the trustees of common school districts, by the boards of education of high school districts, and by the county superintendent of schools, showing the needs of such districts. Id.
[2] In view of the legal situation thus explained, an allegation that a tax levy "for school purposes" on the property of a common school district is not an allegation that such levy was for the purposes of such common school district any more than it is for the purposes of the high school district of which it is a part. The levy might be to defray the current expenses of maintaining the high school, or to pay outstanding bonds of the high school issued while plaintiff district was a part thereof.
[3, 4] In an action for money had and received, the question is to which party does the money in justice, equity, and law belong. If the plaintiff undertakes to state the facts entitling him to the money, "he must allege all facts which are essential to recovery, and allegations which are mere conclusions of law are insufficient." 41 C.J. 63, § 66. Plaintiff school district has endeavored in its complaint to state its title to the money, and from the facts thus stated it cannot be ascertained or determined that the plaintiff is more entitled to the money than the defendant, or that it has any right whatsoever to the money. So far as the allegations of the complaint show, the levy might have been made for Glendale Union High School, and collected for such school, and spent by it to defray *Page 483 
the current expenses of its schools or in the payment of such district's bonds issued while plaintiff was a part thereof. The allegation that the money belonged to plaintiff and that its apportionment to defendant "was illegal and made by mistake" is a mere conclusion and in no way aids the other allegations.
The demurrer should have been sustained.
The judgment is reversed and the cause remanded, with directions that further proceedings be had in accordance herewith.
McALISTER, C.J., and LOCKWOOD, J., concur.