PHILIP A. RILEY *vs.* RICHARD A. BURNS & others.

Essex.    March 9, 1939. — September 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Practice, Civil,* Appeal, Entry of judgment. *Joint Obligation.*

The plaintiff in an action of contract in the Superior Court against three defendants jointly, before trial as to one of the defendants who had answered, prematurely entered in this court an appeal under G. L. (Ter. Ed.) c. 231, § 96, from an order sustaining a demurrer by the other two defendants not based on grounds of defence merely personal to themselves, and the appeal must be dismissed; G. L. (Ter. Ed.) c. 235, § 6, was inapplicable.

CONTRACT. Writ in the Superior Court dated September 2, 1937.

The plaintiff appealed from an order by *Beaudreau*, J., sustaining a demurrer by the defendants Richard A. Burns and George A. Burns.

The case was submitted on briefs.

*E. J. McVey*, for the plaintiff.

*M. A. Cregg*, for the defendants Robert A. and George A. Burns.

QUA, J. This is an action of contract brought against Richard A. Burns, Walter L. Burns and George A. Burns jointly.

The declaration alleges in substance that the plaintiff was a tenant at will of a store of the defendants, paying rent at the rate of $300 a month, when the plaintiff and the defendants "entered into an agreement" whereby the defendants promised to execute and deliver to the plaintiff a five-year lease of the premises, with a covenant that the plaintiff might sublet, in consideration of a rental of $375 a month; that the defendants refused to execute such a lease; that the plaintiff paid the increased rental for more than three years and then, "upon refusal of the defendants to execute and deliver said lease," vacated the premises; that the plaintiff had an opportunity to sublet at a great profit to himself, but was unable to do so because of the defendants' refusal to execute the lease; and that "because of the defendants' promise" the plaintiff "was induced to pay seventy-five ($75) dollars over and above the monthly rate for a period of thirty-nine (39) months," whereby the plaintiff was damaged in the sum of $2,925.

The defendant Walter L. Burns answered. The defendants Richard A. and George A. Burns demurred on the grounds, in substance, that the declaration did not state a case; that the declaration showed that the plaintiff had "acquiesced to all matters set forth in his declaration about which he complains"; and that the alleged contract was within the statute of frauds.

It would seem that in strictness the declaration does include a statement of a cause of action, at least as to the loss of the right to sublet and resulting damages. It does not affirmatively show that the plaintiff "acquiesced" as stated in the demurrer. It does not show that the contract was oral, and therefore the demurrer in so far as it sets up the statute of frauds seems open to the objection that it is a

speaking demurrer. *Price* v. *Weaver*, 13 Gray, 272. *Quinn* v. *Quinn*, 260 Mass. 494, 497. *Bank of Commerce & Trust Co.* v. *Schooner*, 263 Mass. 199, 204. Compare *Denvir* v. *North Avenue Savings Bank*, 290 Mass. 137. However, it is not easy to perceive that the plaintiff suffered any harm through the ruling sustaining the demurrer, as he admits in his brief that the contract was in fact oral. Moreover, the plaintiff's claim in the latter part of his declaration that he is entitled to recover the additional $75 a month that he paid after the making of the agreement is seemingly based upon the theory of an implied contract to return to him sums paid under an express contract to which the statute of frauds is a defence. *Dix* v. *Marcy*, 116 Mass. 416. *Bacon* v. *Parker*, 137 Mass. 309, 310, 311. There is a still further question whether the difference in rental would in itself furnish any measure of damages on that theory. See *DeMontague* v. *Bacharach*, 187 Mass. 128, 134; *Rosen, petitioner*, 236 Mass. 321, 325.

We do not now decide any of the matters above suggested, as we think it clear that this appeal was entered in this court prematurely. It is provided by G. L. (Ter. Ed.) c. 231, § 96, that "no appeal or exception shall be entered in the supreme judicial court until the case is in all other respects ripe for final disposition by the superior court." This case is not ripe for final disposition by the Superior Court. Of three defendants sued jointly only two have demurred. Although the demurrer of these two has been sustained, the third defendant has answered, and the case stands for trial as to him. At this stage there cannot even be a separate final disposition of the case as to the two defendants whose demurrer has been sustained. It is the common law rule that in an action sounding in contract judgment cannot be entered in favor of one joint defendant and against another, except where one or more of the defendants rely upon a defence personal to themselves such as infancy or a discharge in bankruptcy. *Tuttle* v. *Cooper*, 10 Pick. 281. *Hathaway* v. *Crocker*, 7 Met. 262, 267. *Leonard* v. *Robbins*, 13 Allen, 217, 219. *Mackintosh* v. *Chambers*, 285 Mass. 594, 598, 599. The statutory modification of this rule by G. L. (Ter. Ed.)

c. 235, § 6, whereby a plaintiff may take judgment "against such defendants as are defaulted and against those who upon trial are found liable, although it is found that all the defendants are not jointly liable" has no application to this case in its present condition when no defendant has been defaulted and none found liable.

In a situation of this kind, if in the discretion of the trial judge the demurrer raises questions of law which ought to be determined by this court before further proceedings are had, he may report the case for that purpose under G. L. (Ter. Ed.) c. 231, § 111.

*Appeal dismissed.*