ROBERT L. WEINER *vs.* HILDA LOWENSTEIN.

Essex.    October 5, 1943. — October 28, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Deceit. Pleading, Civil,* Declaration, Demurrer. *Frauds, Statute of. Conspiracy.*

A false representation made to a prospective lessor, that the prospective lessee had been a tenant of the person making the representation and had always performed his obligations and been a good tenant, was within the statute of frauds, G. L. (Ter. Ed.) c. 259, § 4.

Allegations in a declaration that the plaintiff "did talk" with the defendant, who "did inform" the plaintiff of or "told" the plaintiff certain

facts, showed that the alleged statements by the defendant were oral, and the defence that they were within the statute of frauds might be made by demurrer.

A declaration for deceit containing merely allegations of oral misrepresentations within the statute of frauds disclosed a defect going to the whole cause of action, and a demurrer based on the ground that the matters contained in the declaration were insufficient in law to enable the plaintiff to maintain the action was sufficient although it did not point out specifically that the declaration was bad because of the statute.

An allegation in a declaration that the defendant conspired with a third person to deceive the plaintiff by false representations made by the defendant to the plaintiff did not set out any cause of action separate from or in addition to deceit.

TORT. Writ in the Superior Court dated January 12, 1943.

A demurrer to the declaration was sustained by *Donnelly*, J., and the plaintiff appealed.

*J. J. Foley & W. E. Carey*, for the plaintiff, submitted a brief.

*M. Caro*, for the defendant.

Cox, J. This is an appeal from an order sustaining the defendant's demurrer to the plaintiff's declaration, which is in two counts. The substantial allegations of the first count are that one Nadel, who desired to become a tenant under a lease of premises owned by the plaintiff, referred the plaintiff to the defendant; that the plaintiff "did talk" with the defendant and made inquiries of her as to Nadel's fitness as a tenant; that the defendant "did inform" the plaintiff that Nadel was then, and had been for the three preceding years, a tenant of hers, that he always paid his rent, took good care of the property, and was a splendid tenant, and that the only reason he desired to move was that he needed a larger place; that the plaintiff, acting upon the defendant's representations, entered into a lease with Nadel; that, in fact, all the representations made by the defendant were false and known by her to be false; that the defendant made the representations because she believed that the plaintiff would act upon them and accept Nadel as a tenant; that she made the representations for the purpose of defrauding and deceiving the plaintiff; that

Nadel breached the terms of his lease, failed to pay his rent, and damaged and committed waste of the demised premises. Count 2 of the declaration contains substantially the allegations of the first count, together with the additional averment that the defendant entered into a conspiracy with Nadel to deceive and defraud the plaintiff, in the manner alleged in the first count. The grounds of the demurrer, which are to the declaration and to each count, are: 1. That the declaration does not state concisely and with substantial certainty the substantial facts necessary to constitute the cause of action. 2. That the declaration states no substantive facts necessary to constitute a cause of action in contract. 3. That the matters contained in "said count" are insufficient in law to enable the plaintiff to maintain an action in tort. The action is in tort. The demurrer was sustained generally.

The misrepresentations alleged in each count come within the provisions of G. L. (Ter. Ed.) c. 259, § 4, which provides: "No action shall be brought to charge a person upon or by reason of a representation or assurance made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation or assurance is made in writing and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." "The typical case which the Legislature had in mind in enacting . . . [the statute, which is founded upon St. 1834, c. 182, § 5,] was where the plaintiff is induced to extend a credit to the third person by representations made by the defendant as to his 'character, conduct, credit, ability, trade or dealings.'" *Walker* v. *Russell*, 186 Mass. 69, 71. *Huntress* v. *Blodgett*, 206 Mass. 318, 323. "The statute is applicable when the plaintiff is induced to enter into a transaction by reason of the defendant's representations, which will result in a debt due from the third person to the plaintiff." *Cauman* v. *Biggar*, 251 Mass. 91, 93.

To paraphrase a statement in the *Cauman* case, at page 94: The plaintiff "trusted . . . [Nadel] to pay the instalments of rent during the term of the lease on the strength of the defendant's statement, and when these instalments were

due and unpaid there was a debt due the plaintiff from . . . [Nadel]; the defendant's representations therefore concerned . . . [Nadel's] credit and ability to pay and were within the statute."

"Whether the representations alleged in a declaration are oral or written is a matter of proof and not of allegation. *Price* v. *Weaver*, 13 Gray, 272. Where representations alleged are within the terms of the statute, a declaration upon them need not allege that they are in writing. . . . As a defence the statute may be pleaded or waived at the election of the defendant. *Livingstone* v. *Murphy*, 187 Mass. 315, 318. If it appears from the declaration in an action at law, or from the bill in a suit in equity, that the representations alleged are oral, when by the statute of frauds they must be in writing, demurrer will lie." *Bank of Commerce & Trust Co.* v. *Schooner*, 263 Mass. 199, 204–205, and cases cited. Where it is plain from the declaration as a whole that the representations alleged are oral and not in writing, the defence of the statute of frauds may be made by demurrer. *Bank of Commerce & Trust Co.* v. *Schooner*, 263 Mass. 199, 204, 205, and cases cited. *Denvir* v. *North Avenue Savings Bank*, 290 Mass. 137. The allegations in the first count of the declaration that the plaintiff "did talk" with the defendant and that the defendant "did inform the plaintiff," and the allegations in the second count, that the plaintiff talked with the defendant, who "told" the plaintiff about Nadel, manifestly import that the representations were made orally and not in writing. *Walker* v. *Locke*, 5 Cush. 90, 92. *Southwick* v. *Spevak*, 252 Mass. 354, 357. *Denvir* v. *North Avenue Savings Bank*, 290 Mass. 137. Compare *Riley* v. *Burns*, 304 Mass. 15, 16–17.

Although the plaintiff has not argued the question, we proceed to consider whether any of the grounds of the demurrer were sufficient; in other words, whether the demurrer should have pointed out specifically that the declaration was bad because of the statute of frauds.

General Laws (Ter. Ed.) c. 231, § 16, provides that the defendant may demur to the declaration or to one or more counts therein, and shall assign specifically the causes of

demurrer. Section 18, of said c. 231, provides, among other things, that demurrers may be for the following as well as other causes: "Second, That the matters contained in the declaration or in some count thereof are insufficient in law to enable the plaintiff to maintain his action." Where the demurrer goes to the entire ground of action as stated in the declaration, and not to any specific defect or cause of demurrer, it is sufficient for the defendant to aver that the matters set out in the declaration are insufficient in law to enable the plaintiff to maintain his action. In a demurrer which goes to the whole ground of action, it is sufficient to aver the cause in the general words of the statute. *Steffe* v. *Old Colony Railroad,* 156 Mass. 262, 263, and cases cited. *Whiton* v. *Batchelder & Lincoln Corp.* 179 Mass. 169, 172. *Frisbee* v. *Prussian National Ins. Co.* 223 Mass. 159, 160. Where, as here, it appears from the plaintiff's declaration that the plaintiff has no valid cause of action in the face of the statute of frauds, the defect is not a mere defect or omission in the form of statement. On the contrary, a defect is disclosed which goes to the whole ground of the action. Accordingly, we are of opinion that the demurrer was sufficient.

As already appears, the second count of the declaration contains the additional averment that the defendant entered into a conspiracy with Nadel. But the gist of the plaintiff's cause of action as set forth in the second count is not conspiracy, but deceit or fraud practised by the defendant to the plaintiff's damage. The averment of a conspiracy does not ordinarily change the nature of the cause of action nor add to its legal force. *Phelan* v. *Atlantic National Bank,* 301 Mass. 463, 467. See *Linsky* v. *Exchange Trust Co.* 260 Mass. 15, 18. In a suit brought against several defendants alleging a conspiracy to defraud, it was held that the gist of a civil action of this sort is not the conspiracy, but the deceit or fraud causing damage to the plaintiff, the combination being charged merely for the purpose of fixing joint liability on the defendants. *New England Foundation Co.* v. *Reed,* 209 Mass. 556, 560. Moreover, if there is no tort set out as to a single defendant, conspiracy adds nothing

except in instances where mere force of numbers acting in unison or other exceptional circumstances may make a wrong. *Caverno* v. *Fellows*, 286 Mass. 440, 443–444. *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441, 445. *McCarthy* v. *Hawes*, 299 Mass. 340, 344. *DesLauries* v. *Shea*, 300 Mass. 30, 33–34. The allegations of the second count do not bring the case within the exceptions pointed out in the cases just cited.

*Order sustaining the demurrer on the third ground affirmed.*