DeVincent Ford Sales, Inc. *vs.* First Mass. Corp.

Middlesex.   October 9, 1957. — December 4, 1957.

Present: Wilkins, C.J., Williams, Counihan, Whittemore, & Cutter, JJ.

*Equity Jurisdiction,* Reformation, Mistake, Other remedy.   *Mistake. Equity Pleading and Practice,* Bill, Demurrer.   *Frauds, Statute of. Landlord and Tenant,* Reformation of lease.   *Law or Fact. Words,* "Agreement," "Inadvertence."

Allegations of the bill in a suit in equity to reform a written lease, that "the plaintiff signed . . . upon the specific . . . agreement that the . . . land was to be used as a place . . . to sell automobiles and that if a license to sell automobiles was not obtained then the lease was to

be . . . void," and that "by inadvertence of the parties . . . the . . . agreement . . . [was] not incorporated in the lease," did not show that the omitted agreement was oral and a demurrer grounded on the statute of frauds should have been overruled. [450–451]

An allegation in a bill in equity to reform a described written lease, that "by inadvertence of the parties" a certain provision set forth was not incorporated in the lease, was not a mere conclusion of law but sufficiently imported the facts that the parties intended to include the omitted provision in the lease and that the omission was by their mutual mistake. [451–453]

The bill in a suit in equity by a lessee against the lessor to reform the lease for mutual mistake was not demurrable on the ground that the lessee had an adequate remedy by equitable defence in actions at law by the lessor for rent shown by the bill to be pending. [453]

BILL IN EQUITY, filed in the Superior Court on October 11, 1956.

The suit was heard by *Lurie, J.*, on demurrer.

*Maurice M. Goldman*, for the plaintiff.

*James B. Marcus*, for the defendant.

CUTTER, J.   This is a bill to obtain reformation and cancellation of a lease, from the defendant to the plaintiff, of a piece of vacant land in Cambridge for three years from September 1, 1955.   Paragraphs 6 and 7 of the bill read in part as follows: "6. The plaintiff signed . . . upon the specific representation and agreement that the . . . land was to be used as a place . . . to sell automobiles and that if a license to sell automobiles was not obtained then the lease was to be . . . void and all sums paid . . . to the defendant under said lease would be returned . . . . 7. By inadvertence of the parties . . . the . . . representation and agreement were . . . not incorporated in the lease . . . ."   It is alleged that the request for a license was denied.

The defendant filed a demurrer which assigned as reasons therefor, among others, (1) the pendency as shown by the bill of actions at law[1] brought by the defendant to recover rent for the months of May, June, July, and August, 1956;

---

[1] The bill also alleges that in a prior action the defendant recovered (by default and not after hearing on the merits) rent for the months of February, March, and April, 1956, and that the plaintiff paid rent for September and October, 1955, in advance.   The bill does not show whether rent for three additional months was paid before the license was denied.

(2) the adequacy of the remedy at law; (3) that the bill shows "that the plaintiff seeks to vary a written instrument concerning an interest in land and that the representations . . . were not in writing as required by" G. L. (Ter. Ed.) c. 259, § 1; and (4) that the allegations of paragraph 7 state a conclusion of law and do not set forth facts to inform the defendant of the claim asserted.

The demurrer was sustained on the third and fourth grounds mentioned, and, the plaintiff having failed to take advantage of leave to amend, a final decree was entered dismissing the bill. The plaintiff appealed both from the interlocutory decree sustaining the demurrer and from the final decree.

1. Paragraph 6 of the bill alleges that the lease was signed "upon the specific representation and agreement" that if a license to sell automobiles was not obtained, the lease was to be void. The quoted words may perhaps indicate that the "representation" was oral (see *Southwick* v. *Spevak*, 252 Mass. 354, 356–357; compare *Bank of Commerce & Trust Co.* v. *Schooner*, 263 Mass. 199, 204–205) but we cannot say that the word "agreement," even considered with the other allegations of the bill, implies an oral agreement. *Riley* v. *Burns*, 304 Mass. 15, 16–17 (where it was held that an allegation that the parties "entered into an agreement" did not "show that the contract was oral" although the court also held that the plaintiff, who admitted in his brief that the contract was oral, could not be said to have "suffered any harm" from the sustaining of a demurrer based upon the statute of frauds). Compare *Denvir* v. *North Avenue Savings Bank*, 290 Mass. 137, 138 (where, with respect to an allegation that the defendant "agreed with the plaintiff" on certain matters it was said that it was "plain from the declaration as a whole that the alleged agreement . . . was oral"); *Weiner* v. *Lowenstein*, 314 Mass. 642, 645 (allegations that the plaintiff "did talk" with the defendant, who "told" the plaintiff certain matters held to "import that the representations were made orally"); *Cluff* v. *Picardi*, 331 Mass. 320, 321 (where bill incorporated by reference a

memorandum inadequate to satisfy the statute of frauds). Compare also *Walker* v. *Locke,* 5 Cush. 90, 92; *Slack* v. *Black,* 109 Mass. 496, 499; *Ahrend* v. *Odiorne,* 118 Mass. 261, 268. Since "it does not appear in the bill that" the agreement "was not in writing, noncompliance with the statute [of frauds] is not a ground on which the demurrer can be sustained." *West* v. *Day Trust Co.* 328 Mass. 381, 384. Compare *Ranicar* v. *Goodwin,* 326 Mass. 710, 712–713 (where on the face of the bill it appeared that a promise was oral and a demurrer based upon the statute of frauds was held to have been sustained properly).

2. The defendant contends that the plaintiff has inadequately pleaded the facts of a mutual mistake, which would support the requested reformation of the lease. It is argued that the allegation of paragraph 7 of the bill, with respect to the omission "by inadvertence" of the alleged agreement for invalidation of the lease (if a license was not obtained), is an allegation only of a conclusion of law (compare *Cabot* v. *Assessors of Boston,* 335 Mass. 53, 58, and cases cited) not admitted by demurrer. The words "by inadvertence," it is contended, do not adequately state the circumstances under which the alleged agreement was omitted from the executed lease.

In *Tremont Trust Co.* v. *Burack,* 235 Mass. 398, 402, it was said that the word "inadvertence," as used in an agreement exonerating a bank from liability for failing to observe an order stopping payment on a check, "embraces the effect of inattention, the result of carelessness, oversight, mistake, or fault of negligence." Often if not usually, when a mistake occurs, the person who makes it (let alone others) cannot himself explain why or how it occurred. We think that grounds for equitable relief are here sufficiently set forth by the allegations (1) that the parties intended to include the omitted provisions; (2) stating the substance of the omitted provision; (3) stating the provisions of the executed lease; and (4) that the omission was by mistake (that is, human failure of performance) of the parties and "without intention or design." Compare *Sheehan* v. *Goriansky,* 321 Mass.

200, 205. Mistakes in the expression, or carrying out, of the agreed intention of the parties have been alleged in other cases, where reformation has been sought, without much more particularity. *Parsons* v. *Parsons*, 230 Mass. 544, 546, 553 (omission of seal alleged to be "due to accident"). *Franz* v. *Franz*, 308 Mass. 262, 265–266 (examination of original papers shows alleged mistake in conveyance was set forth merely as having occurred "by mutual mistake of the parties"). *Century Plastic Corp.* v. *Tupper Corp.* 333 Mass. 531 (original papers show bill alleged provision omitted "by mutual inadvertence and mistake"). The words "of the parties" import sufficiently the mutual character of the mistake necessary for relief. *Mates* v. *Penn Mutual Life Ins. Co.* 316 Mass. 303, 306. *Century Plastic Corp.* v. *Tupper Corp.* 333 Mass. 531, 533. See *Dzuris* v. *Pierce*, 216 Mass. 132, 135; *Eno* v. *Prime Manuf. Co.* 317 Mass. 646, 650. Compare *Vallis* v. *Rimer*, 335 Mass. 528, 532–533 (mistake of expression not mutual).

The situation is unlike that which would be presented by an allegation that performance by the plaintiff had been obtained by "duress" (see *Fleming* v. *Dane*, 298 Mass. 216, 218) or by "fraud" (see *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73; *Krebiozen Research Foundation* v. *Beacon Press, Inc.* 334 Mass. 86, 90) each of which would plainly be inadequate to state a cause of action in the absence of detailed statements of the facts constituting the duress or the fraud. Duress or fraud, in a very real sense, are conclusions of law from other facts; but mistake, in the omission from a document of a provision intended to be included, is a fact in itself.

Doubtless, where practicable, more detailed allegations of the manner in which the mistake occurred as, for example, by the failure of a scrivener to understand and carry out instructions, ought to be made where such specification is practicable. The allegations in the present case, however, seem sufficient to be good against demurrer and adequately to inform the defendant of the mistake which is alleged to have taken place and the basic facts with respect to it.

See *Monach* v. *Koslowski,* 322 Mass. 466, 468–469. We do not follow cases in other jurisdictions suggesting that an allegation of inadvertence is an allegation of a conclusion of law. See, for example, *Glendale Union High School District* v. *Peoria School District No. 11,* 51 Ariz. 478, 482–483; *Dover* v. *Burns,* 186 Ga. 19, 28; *Baseman* v. *Shell Union Oil Corp.* 138 Pa. Super. 512, 518.[1]

3. Notwithstanding the statutory right under G. L. (Ter. Ed.) c. 231, § 31, to raise equitable defences at law, the plaintiff here is not barred from appropriate equitable relief, by way of reformation, on the ground that it has an adequate remedy at law in the actions brought against it. See *Elm Farm Foods Co.* v. *Cifrino,* 328 Mass. 549, 553. See also *New York, New Haven & Hartford Railroad* v. *Preferred Underwriters, Inc.* 252 Mass. 1, 6. In various respects the equitable remedy by way of reformation could prove more complete and appropriate than asserting an equitable defence to successive actions at law for rent. The pending actions at law, even though disclosed on the face of the bill, are no bar to appropriate equitable relief. *Wilcox* v. *Lucas,* 121 Mass. 21, 24, 26. See *Bancroft Trust Co.* v. *Canane,* 271 Mass. 191, 197–199.

4. It is unnecessary at this stage of the litigation to consider whether, if at the trial it shall appear that the agreement to include the omitted provision was oral, reformation must be denied because the omitted provision may have been within the statute of frauds,[2] or whether the omitted provision is of a character, or other circumstances exist, which may make the statute of frauds inapplicable.[3]

---

[1] See also 45 Am. Jur., Reformation of Instruments, §§ 98–100. Compare cases under the specific requirement of Rule 9 (b) of the Rules of Civil Procedure for the District Courts of the United States (308 U. S. 663, 674) that the "circumstances constituting . . . mistake shall be stated with particularity." *Mutual Life Ins. Co.* v. *Simon,* 15 F. R. D. 336, 337 (D. C. S. D. N. Y.); *Reed* v. *Turner,* 2 F. R. D. 12 (D. C. E. D. Pa.); *New York, New Haven & Hartford Railroad* v. *New England Forwarding Co. Inc.* 119 Fed. Sup. 380, 382 (D. C. R. I.).

[2] See *Glass* v. *Hulbert,* 102 Mass. 24, 31, 44; *Ahrend* v. *Odiorne,* 118 Mass. 261, 268; *Tracy* v. *Blinn,* 236 Mass. 585, 587–588; *Wareham Savings Bank* v. *Partridge,* 317 Mass. 83, 85–86.

[3] See *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 321; *Goode* v. *Riley,* 153 Mass. 585, 587; *Kennedy* v. *Poole,* 213 Mass. 495, 498; *Andrews* v.

5. The interlocutory decree sustaining the demurrer and the final decree are reversed, the demurrer is to be overruled and the case is to stand for further proceedings consistent with this opinion.

*So ordered.*

*Charon,* 289 Mass. 1, 3–4, 5–7 (grounds raising an estoppel. to assert the statute of frauds held to exist);   Restatement: Contracts, §§ 504, 505, 509; Pomeroy, Equity Jurisprudence (5th ed.) §§ 853, 867, 870, 870a;   Williston, Contracts (Rev. ed.) §§ 1549, 1552, 1587;   Note 86 A. L. R. 448–455.   See also *Crowley* v. *Holdsworth,* 264 Mass. 303, 308;   *Franz* v. *Franz,* 308 Mass. 262, 265–267;   *Duff* v. *United States Trust Co.* 327 Mass. 17, 20–21.